698 N.W.2d 147 (2005)
In the Interest of R.E.K.F., Minor Child,
G. F., Father, Appellant.
Nos. 04-1864, 05-0251.
Supreme Court of Iowa.
June 10, 2005.
*148 Irene A. Schrunk, Sioux City, for appellant father of R.E.K.F.
Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd and Tabitha Gardner, Assistant Attorneys General, Thomas S. Mullin, County Attorney, and Dewey Sloan, Assistant County Attorney, for resister State of Iowa.
Marchelle Denker of the Juvenile Law Center, Sioux City, guardian ad litem for minor children.
STREIT, Justice.
A father appeals the termination of his parental rights to his daughter. He contends the State did not comply with the tribal notice provisions of the Iowa Indian Child Welfare Act. Because the State notified the wrong Indian tribe, we remand for further proceedings.

I. Facts and Prior Proceedings
Garrett is the putative father of Ruby, who was born in July 2003. Four months after her birth, Ruby was adjudicated a child-in-need-of-assistance. In March 2004, the State filed a petition to terminate Garrett's parental rights.
In July 2004, Garrett informed the juvenile court he had "Native American heritage through the Seneca tribe, which is out in the eastern United States, and ... maybe in Canada." Garrett asked the court to continue the trial so that notice of the termination proceedings could be given to this tribe, pursuant to the requirements of the Iowa Indian Child Welfare Act (Iowa ICWA). See Iowa Code § 232B.5(4) (Supp.2003). The juvenile court denied the motion.
Before deciding whether to terminate Garrett's parental rights, however, in November 2004 the juvenile court reconsidered its earlier ruling and ordered the State to notify "the Seneca Tribe" of the proceedings. The juvenile court decreed that if "the Seneca Tribe" did not request to intervene before the end of the year, the court would close the record and issue its decision on the termination.
The State promptly sent notice of the termination proceedings to the Seneca-Cayuga Tribe in Miami, Oklahoma. In December 2004, the Peoria Tribe of Indians of Oklahoma notified the State that Ruby was not a member of the Seneca-Cayuga Tribe of Oklahoma. In February 2005, the juvenile court determined the Iowa ICWA statute did not apply and terminated Garrett's rights. See Iowa Code § 232.116(1)(d), (l).
Garrett appealed. He argued, among other things, that the State did not comply with the tribal notice requirements of the Iowa ICWA, there was insufficient evidence to support the termination, and the termination was not in Ruby's best interests. The court of appeals affirmed in an unpublished opinion.[1]
Garrett sought further review, which we granted. Although we retain the discretion to reexamine all issues raised in the initial appeal, in this case we only consider Garrett's Iowa ICWA tribal notice claim.[2] *149 Cf. Bokhoven v. Klinker, 474 N.W.2d 553, 557 (Iowa 1991) (remarking that supreme court "may review any or all of the issues initially raised on appeal"). We affirm the decision of the court of appeals in all other respects.

II. Principles of Review
Our review of termination cases is ordinarily de novo. See, e.g., In re C.B., 611 N.W.2d 489, 492 (Iowa 2000). To the extent Garrett's claim of error rests upon statutory interpretation, however, our review is for correction of errors of law. See In re E.H. III, 578 N.W.2d 243, 245 (Iowa 1998). The provisions of the Iowa ICWA are to be strictly construed and applied. Cf. In re J.W., 498 N.W.2d 417, 421 (Iowa Ct.App.1993).

III. Motion to Strike
Before attending to the merits of Garrett's appeal, we must resolve a pending motion. In his further review brief, Garrett attached several exhibits which were not part of the record before the juvenile court. The State moved to strike this additional information. We grant the State's motion to strike. See In re M.M., 483 N.W.2d 812, 815 (Iowa 1992) (holding appeal of termination is limited to information that is part of the record); see also In re E.A., 552 N.W.2d 135, 138 (Iowa 1996) (similar).

IV. The Merits

A. Tribal Notice
At issue in this appeal are the tribal notice provisions of the Iowa ICWA. Those provisions require the juvenile court to notify the proper Indian tribe whenever it has reason to know that an Indian child may be involved in an involuntary termination. In particular, Iowa ICWA states:
[T]he court shall establish in the record that the party seeking ... termination of parental rights over ... an Indian child has sent notice by registered mail, return receipt requested, to ... [a]ny tribe in which the child may be a member or eligible for membership.
Iowa Code § 232B.5(4); see also id. § 232B.4(2). Notice must be given even if doubts remain about whether the child is an Indian child, because elsewhere the Iowa ICWA states
the court or any party to the proceeding shall be deemed to know or have reason to know that an Indian child is involved whenever ... the court or a party has been informed by any interested person... that the child is or may be an Indian child.
Id. § 232B.5(3). Whether or not a child is an Indian child is, after all, a question for the tribe to answer in the first instance. Id. § 232B.4(3); see J.W., 498 N.W.2d at 422 ("The tribes are the arbitrators of their own membership."); see also In re J.L.M., 234 Neb. 381, 451 N.W.2d 377, 387 (1990) ("Formal membership requirements differ from tribe to tribe. . . ."). Only if the Indian tribe does not provide evidence of the child's status as an Indian child may the juvenile court determine the matter itself. Iowa Code § 232B.4(3). Taken together, the foregoing provisions of the Iowa ICWA, as do those of similar statutes in other jurisdictions, recognize that it is better to err on the side of giving notice to the tribe and examining thoroughly whether the child is an Indian child. Cf. In re M.C.P., 153 Vt. 275, 571 A.2d 627, 635 (1989). This determination "must be made as soon as practicable in order to serve the best interest of the child and to ensure compliance with the notice provisions of [the Iowa ICWA]." Iowa Code § 232B.4(4).
In this case, Garrett's statement to the juvenile court regarding his heritage was *150 specific enough to require the State to provide notice of the proceedings to the Seneca Nation of New York. It had reason to know Ruby may be an Indian child. Cf. In re M.N.W., 577 N.W.2d 874, 876 (Iowa Ct.App.1998) (noting the mere fact a child was named "Phoenix Blue Skye" did not put the juvenile court on notice that the child might be an Indian child). The district court erred when it did not order the State to notify the tribe as soon as it was practicable. When the court attempted to rectify its error and later ordered the State to comply with the tribal notice provisions of the Iowa ICWA, however, it only vaguely ordered the State provide notice to "the Seneca Tribe." Perhaps because of the delay, the State apparently interpreted "the Seneca Tribe" to mean "the Seneca-Cayuga Tribe of Oklahoma." This was error. According to the Iowa ICWA, an "Indian tribe" includes
an Indian tribe, band, nation, or other organized Indian group, or a community of Indians ... recognized as eligible for services provided to Indians by the United States secretary of the interior because of the community members' status as Indians.
Iowa Code § 232B.3(11). The relevant federal regulations list the "Seneca Nation of New York" as one such tribe.[3] 68 Fed. Reg. 68180, 68182 (Dec. 5, 2003). The Seneca Nation of New York is to be contrasted with another listed tribe, the "Seneca-Cayuga Tribe of Oklahoma." Id. We cannot say, as did the court of appeals, that the State adequately complied with the Iowa ICWA by sending notice to the Seneca-Cayuga Tribe of Oklahoma. Garrett stated his heritage lay with "the Seneca tribe ... out in the eastern United States. . . ." The State notified the wrong tribe, and therefore the court did not ensure compliance with the Iowa ICWA.[4]

B. Remedy
The parties appear to assume that if the tribal notification requirements of the Iowa ICWA were not met, then we must reverse the termination of Garrett's parental rights. This is not so, because there is still no assurance that Ruby is an Indian child. A great number of courts considering similar statutes have held that when an appellate court finds a violation of ICWA notice provisions, reversal is not necessarily warranted. Rather, the proper procedure, at least when there is no other evidence the child is an Indian child, is to affirm the termination on the condition that the proper notification be provided. Only if it turns out the child is an Indian child and the tribe wants to intervene must the termination be reversed. Otherwise the termination stands. See, e.g., In re Kahlen W., 233 Cal.App.3d 1414, 285 Cal.Rptr. 507, 514 (1991); In re Junious M., 144 Cal.App.3d 786, 193 Cal.Rptr. 40, 47 (1983); In re D.S., 577 N.E.2d 572, 575 (Ind.1991); In re I.E.M., 233 Mich. App. 438, 592 N.W.2d 751, 757-58 (1999); J.L.M., 451 N.W.2d at 386-87; In re C.H., 510 N.W.2d 119, 124 (S.D.1993); M.C.P., 571 A.2d at 635; In re M.S.S., 86 Wash. App. 127, 936 P.2d 36, 41-42 (1997); see *151 also In re Arianna R.G., 259 Wis.2d 563, 657 N.W.2d 363, 374 (2003) (Abrahamson, C.J., dissenting); accord In re Elizabeth W., 120 Cal.App.4th 900, 16 Cal.Rptr.3d 514, 520 (2004) ("conditional reversal"). We affirm on this condition and remand. Cf. State v. Powell, 684 N.W.2d 235, 242 (Iowa 2004) (affirming on condition and remanding); In re Luloff, 512 N.W.2d 267, 275 (Iowa 1994) (same).
This solution is consistent with the mandate of the Iowa ICWA. The provisions of the Iowa ICWA do not apply until the court determines the children are "Indian" as defined in the Iowa ICWA. Therefore there can be no violation of the Iowa ICWA until the court determines it applies to the proceedings. Cf. In re J.D.B., 584 N.W.2d 577, 581-82 (Iowa Ct.App.1998). Reversal is not yet, if ever, a proper remedy in this case.[5]
Although we share the State's concern that a party might wrongly attempt to use the tribal notice provisions of the Iowa ICWA as a delay tactic and recognize that Garrett's statement came late in the proceedings, we cannot ignore the plain mandate of the Iowa ICWA which is not limited in its application. Cf. Kahlen W., 285 Cal.Rptr. at 513 (under ICWA, "[n]otice is mandatory, regardless of how late in the proceedings a child's possible Indian heritage is uncovered"); In re T.M., 245 Mich. App. 181, 628 N.W.2d 570, 573 (2001) (same).[6] Nor can we, as the State suggests, decide not to apply the Iowa ICWA to this child because there is no evidence she has been raised in an Indian culture. The Iowa ICWA expressly states:
A state court does not have discretion to determine the applicability of ... this chapter to a child custody proceeding based upon whether an Indian child is part of an existing Indian family.
Iowa Code § 232B.5(2).

V. Disposition
This matter is remanded to the juvenile court, which shall give notice of the termination proceedings to the Seneca Nation of New York. If the Seneca Nation fails to respond within the appropriate timeframe or replies and determines Ruby is not eligible for tribal membership, the juvenile court's original order of termination will stand. If the Seneca Nation of New York responds and intervenes, reversal of the termination and further proceedings consistent with the requirements of the Iowa ICWA will be necessary. We affirm the district court and court of appeals on this condition. We do not retain jurisdiction. Costs are assessed against the State.
AFFIRMED ON CONDITION AND REMANDED.
NOTES
[1] In the same unpublished opinion, the court of appeals resolved another appeal involving the parental rights of Ruby's mother to Ruby and another child. That appeal is not before us.
[2] Garrett does not distinguish the tribal notice provisions of the Iowa ICWA and the federal ICWA; he appears to assume that for the purposes of this appeal they are the same. Likewise, the court of appeals only applied the statutory language of the Iowa ICWA to the facts of this case. For these reasons, we only rule upon tribal notice provisions of the Iowa ICWA in this appeal.
[3] The regulations provide the following contact information for the tribe: Seneca Nation of New York, Clerk, Genevieve Plummer Building, Box 231, Salamanca, N.Y. 14779, Tel.: (716) 945-1790, Fax: (716) 954-1565. 68 Fed.Reg. 68408, 68415 (Dec. 8, 2003).
[4] It is true the State also sent notice to the secretary of the interior, in the hope that the secretary would notify the proper tribe. This is not sufficient notice to the Seneca Nation of New York on the facts presented in this case. The Iowa ICWA authorizes notice via the secretary, but only when the identity or location of the tribe cannot be determined. Iowa Code § 232B.5(5). Here Garrett's statement was sufficiently specific that this section of the act is not applicable.
[5] As an aside, we also point out that this solution is clearly in the best interests of the child. It would be wrong to delay matters further by undoing a termination for notice only to later find out the substantive provisions of the Iowa ICWA never applied in the first place. Ruby's limbo must end sooner rather than later.
[6] We do point out, however, that the determination of a child's Indian status must only be made "as soon as practicable." Iowa Code § 232B.4(4). What is practicable will depend upon the circumstances.