# IN THE SUPREME COURT OF IOWA

No. 11–1228

Filed February 14, 2014

**STATE OF IOWA,**

    Appellee,

vs.

**ANTHONY ALLEN HOECK,**

    Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Gary D. McKenrick, Judge.

An applicant seeks further review of a court of appeals decision affirming the constitutionality of the applicant's sentence of life in prison with immediate parole eligibility. **DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT IS CONDITIONALLY AFFIRMED; CASE REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Anthony A. Hoeck, Fort Madison, pro se.

Thomas J. Miller, Attorney General, Richard J. Bennett Sr., Assistant Attorney General, Michael J. Walton, County Attorney, for appellee.

**WIGGINS, Justice.**

We must decide the constitutionality of the applicant's sentence on his conviction for first-degree kidnapping. The applicant was a juvenile at the time of the kidnapping. He was originally sentenced to life in prison without parole for the kidnapping. The jury also found him guilty of murder in the second degree, robbery in the first degree, conspiracy, possession of an offensive weapon, and criminal gang participation. The court imposed consecutive sentences on these convictions. The combined sentences on these charges amounted to a possible total of ninety-five years in prison.

In 2011, after the United States Supreme Court decided *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), the applicant filed a motion to correct an illegal sentence on the kidnapping conviction. The applicant only raised the constitutionality of his sentence under the Eighth Amendment to the United States Constitution in his motion.[1] He claimed the sentence was illegal under the Federal Constitution because the sentence imposed life in prison without the possibility of parole. Finding the sentence illegal under the Federal Constitution, the district court corrected the applicant's sentence on the kidnapping conviction to life in prison with immediate parole eligibility. On appeal, the applicant continues to claim his sentence is unconstitutional under the United States Constitution. For the first time

---

[1]In his motion, the applicant cited *Veal v. State*, 779 N.W.2d 63 (Iowa 2010), and *State v. Bruegger*, 773 N.W.2d 862 (Iowa 2009), for the proposition that an illegal sentence could be raised at any time. He did not cite *Veal* or *Bruegger* for the proposition that a sentence of life in prison without the possibility of parole for a juvenile violated the Iowa Constitution. The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

on appeal, however, he also claims his sentence is unconstitutional under the Iowa Constitution.

In his pro se supplemental brief filed in his appeal, the applicant raised several additional issues. These include the district court's failure to have him present at the sentence correction hearing, its failure to articulate reasons for imposing consecutive sentences at the original sentencing, and its failure to advise the applicant of his right of allocution at the original sentencing.

We transferred his appeal to the court of appeals. The court of appeals affirmed the applicant's conviction and sentence as corrected. On further review, we find the applicant's sentence is constitutional under the Federal Constitution because he is immediately eligible for parole. We do not reach the applicant's claim that his sentence is illegal under the Iowa Constitution. Instead, if the applicant timely amends his application to correct an illegal sentence under the Iowa Constitution, we remand this case to the district court to decide the claims he made under our state constitution. We will let the court of appeals decision stand as our final decision as to all other issues raised by the applicant. Therefore, we conditionally affirm the decision of the court of appeals and the judgment of the district court.

## I. Background Facts and Proceedings.

On May 13, 1994, a jury convicted Anthony Hoeck of kidnapping in the first degree, among other charges. For the kidnapping in the first-degree conviction, the district court sentenced Hoeck to life in prison without the possibility of parole. The district court also sentenced Hoeck to a combined possible ninety-five years under the other counts.

Hoeck appealed his original convictions. *See State v. Hoeck*, 547 N.W.2d 852, 855 (Iowa Ct. App. 1996). In that appeal, he challenged the

district court's decision to overrule his motion for change of venue, the admission of evidence at trial, and the sufficiency of the evidence. *Id.* at 856. Hoeck also raised an ineffective-assistance-of-counsel claim. *Id.* The court of appeals affirmed his convictions. *Id.* at 863. Nine years later, he filed an application for postconviction relief, which the court of appeals determined was untimely. *Hoeck v. State*, No. 09–0830, 791 N.W.2d 710, at *2 (Iowa Ct. App. Nov. 10, 2010) (unpublished opinion).

His present appeal involves a motion to correct an illegal sentence filed on May 24, 2011. Hoeck alleged in his motion that pursuant to *Graham*, his sentence of life in prison without parole for the kidnapping charge was unconstitutional. The district court granted the motion, correcting the sentence for the kidnapping conviction to life in prison with immediate parole eligibility. Hoeck was not present for the sentence correction hearing. Thereafter, Hoeck filed a pro se motion asking the court to vacate its order and resentence him with him present. The court denied this motion.

Hoeck filed a notice of appeal. Hoeck also filed a pro se supplemental brief. We transferred the case to the court of appeals. The court of appeals affirmed the district court's ruling. It held the corrected sentence for kidnapping did not violate the United States Constitution. It also held the district court was not required to vacate all of Hoeck's sentences on the nonkidnapping convictions when it corrected Hoeck's sentence on the kidnapping conviction. Rather, the district court could sever the illegal sentence from the other legal sentences and correct only the illegal sentence. Furthermore, the court of appeals held Hoeck did not have to be present to correct an illegal sentence so long as the disposition would not be aided by Hoeck's presence and the modification does not make the sentence more onerous. Finally, the court of appeals

held the other issues raised by Hoeck were not preserved; thus, they were not properly before the court. Hoeck filed for further review, which we granted.

## II. Issues.

When we accept a case on further review, "we have the discretion to review all or some of the issues" the parties raised on appeal and in the application for further review. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). We exercise our discretion to review only Hoeck's substantive claim that his sentence of life in prison with immediate parole eligibility is categorically unconstitutional under the Federal Constitution. For the reasons stated later in this opinion, we will not reach Hoeck's claims that his sentence is unconstitutional under the Iowa Constitution. We choose not to address the other issues raised by Hoeck in this appeal and will allow the court of appeals decision on those issues to stand as our final decision. *See id.* (recognizing the court of appeals decision is our final decision on issues we choose not to review).

## III. Standard of Review.

We normally review claims a sentence is illegal for correction of errors at law. *State v. Davis*, 544 N.W.2d 453, 455 (Iowa 1996). A defendant may challenge an illegal sentence at any time. *State v. Pearson*, 836 N.W.2d 88, 94 (Iowa 2013). A defendant's claim a sentence is unconstitutional because it is cruel and unusual punishment is a claim the sentence is illegal. *Bonilla v. State*, 791 N.W.2d 697, 699 (Iowa 2010). We review de novo a constitutional challenge to an illegal sentence. *Pearson*, 836 N.W.2d at 94.

## IV. Analysis.

**A. Whether Hoeck's Corrected Sentence Categorically Violates the Eighth Amendment of the United States Constitution.** The

Supreme Court has interpreted the Eighth Amendment of the United States Constitution as it relates to juvenile sentencing in a trilogy of cases. First, in *Roper v. Simmons*, the Supreme Court recognized a categorical rule prohibiting courts from imposing the death penalty against persons who committed their crimes while under the age of eighteen. 543 U.S. 551, 578, 125 S. Ct. 1183, 1200, 161 L. Ed. 2d 1, 28 (2005). In the second case, *Graham*, the Supreme Court determined courts could not impose life in prison without parole for a juvenile who did not commit a homicide offense. 560 U.S. at 75, 130 S. Ct. at 2030, 176 L. Ed. 2d at 845–46. Finally, in *Miller v. Alabama*, the Supreme Court stated life in prison without parole was not appropriate for a juvenile who committed a homicide offense unless the juvenile received an individualized sentencing hearing to consider the characteristics of the juvenile and the nature of the crime. 567 U.S. ___, ___, 132 S. Ct. 2455, 2468–69, 183 L. Ed. 2d 407, 422–24 (2012).

Hoeck's corrected sentence is factually dissimilar from these cases. Hoeck did not receive the death penalty; therefore, *Roper* is inapplicable. Hoeck did not receive life without parole for a homicide offense; therefore, *Miller* is inapplicable.[2]

Hoeck's original sentence on the kidnapping was factually similar to *Graham*. Hoeck's original sentence was a sentence of life in prison without parole for a nonhomicide offense. This sentence was categorically unconstitutional under *Graham*. *See Graham*, 560 U.S. at 74, 130 S. Ct. at 2030, 176 L. Ed. 2d at 845 (holding the Eighth Amendment prohibits a sentence of life in prison without parole for a

---

[2]Hoeck was convicted of murder in the second degree; however, he received a term not to exceed fifty years for this crime. He does not challenge this sentence, and even if he did challenge this sentence, it does not fit under the facts of *Miller*.

juvenile who commits a nonhomicide offense). The district court recognized the unconstitutionality of Hoeck's original sentence under *Graham.* The district court corrected Hoeck's unconstitutional sentence by sentencing Hoeck to life in prison with immediate parole eligibility. This made his corrected sentence constitutional under *Graham* for at least two reasons.

First, the corrected sentence is factually dissimilar from the sentence in *Graham.* Whereas the court in *Graham* sentenced the defendant to life in prison without parole, *id.* at 57, 130 S. Ct. at 2020, 176 L. Ed. 2d at 834, Hoeck received life in prison with immediate parole eligibility. Second, the *Graham* rationale is inapplicable to Hoeck's corrected sentence. In *Graham,* the Supreme Court was concerned with the ability of a juvenile to have a meaningful opportunity to obtain release from jail if the juvenile demonstrated rehabilitation and maturity. *Id.* at 75, 130 S. Ct. at 2030, 176 L. Ed. 2d at 845. Here, Hoeck has immediate parole eligibility and has an immediate opportunity to obtain release under the holding in *Graham.*

Striking parole ineligibility to convert an unconstitutional sentence to a constitutional one is an appropriate remedy. *Bonilla,* 791 N.W.2d at 701–02. In *Bonilla,* we recognized that *Graham* did not specifically explain how the states should adjust the sentences of juveniles convicted of a nonhomicide crime and sentenced to life in prison without parole. *Id.* at 701. Instead, the Supreme Court left it to the states to decide the proper way for a state to comply with *Graham. Id.* We determined that under our statutory scheme, it was appropriate to sever the invalid portion of a sentence without disturbing the remainder of the sentence. *Id.* at 702. For a juvenile previously sentenced to life in prison without parole for a nonhomicide crime, the appropriate remedy under *Graham*

was to sever the parole ineligibility from the juvenile's sentence and sentence the juvenile to life in prison with the possibility of parole. *Id.* at 703. The district court correctly followed *Bonilla* when it corrected Hoeck's sentence.

Therefore, we find Hoeck's sentence as corrected by the district court is constitutional under the Federal Constitution because he is now eligible for immediate parole.

**B. Whether Hoeck's Corrected Sentence Violates Article I, Section 17 of the Iowa Constitution.** On appeal, Hoeck raises claims under the Iowa Constitution for the first time. We acknowledge a defendant can raise the claim that his or her sentence is an illegal sentence at any time, even on a collateral attack. *Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010). However, our reading of the briefs leaves us with more questions than answers as to the specific claims Hoeck is raising under the Iowa Constitution. Additionally, we are not convinced the claims are fully briefed or the factual issues necessary to decide the Iowa constitutional claims are developed. Consequently, it would be a disservice to Hoeck, the State, and our system of justice to decide these claims without a thorough vetting of the claims in the district court. As one scholar noted:

> Another option is for a court to spot an issue that has not been briefed and, if the issue looks decisive, remand it for resolution in the first instance by the lower court. This is the most procedurally conservative approach to addressing a new issue and is the only one fully consistent with the usual rule that issues not raised below will not be considered on appeal. Remand protects the role of the district court, which may have useful light to shed on the issue.

Barry A. Miller, *Sua Sponte Appellate Rulings: When Courts Deprive Litigants of an Opportunity to Be Heard*, 39 San Diego L. Rev. 1253, 1300 (2002) (footnotes omitted).

Accordingly, we will not reach Hoeck's challenges to his corrected sentence under the Iowa Constitution on this record. Therefore, we will affirm his corrected sentence as not being an illegal sentence under the United States Constitution. However, we will remand this case to the district court to allow Hoeck and the State to fully develop and argue Hoeck's claims under the Iowa Constitution if he desires to do so. *See In re R.E.K.F.*, 698 N.W.2d 147, 150–51 (Iowa 2005) (affirming a case conditionally on the issues tried below, but remanding the case for further proceedings under the Iowa Indian Child Welfare Act); *State v. Powell*, 684 N.W.2d 235, 242 (Iowa 2004) (affirming a case conditionally and remanding it to the district court to develop a factual record and to determine if an actual conflict exists); *In re Prop. Seized from Brown*, 501 N.W.2d 472, 473 (Iowa 1993) (affirming on one issue and remanding it to the district court to develop a factual record on whether the appellant's possession of the device is legal).

## V. Conclusion and Disposition.

We find the district court's sentence of life in prison with immediate parole eligibility does not violate the United States Constitution's categorical prohibition against cruel and unusual punishment. We do not reach Hoeck's claim that his sentence is illegal under the Iowa Constitution. If, within ninety days from the issuance of procedendo, Hoeck amends his application to request correction of an illegal sentence under the Iowa Constitution, we remand the case to the district court for further proceedings on his state constitutional claims. If he does not, the district court order will stand as the final judgment in this case. If Hoeck does amend his application, the district court shall hold further proceedings consistent with the amended application. We will let the court of appeals decision stand as our final decision on all

other issues raised by Hoeck. Accordingly, we affirm the decision of the court of appeals and the judgment of the district court and affirm Hoeck's conviction and sentence. Finally, we do not retain jurisdiction. We assess the costs against Hoeck.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT IS CONDITIONALLY AFFIRMED; CASE REMANDED WITH DIRECTIONS.**

All justices concur except Mansfield, Waterman, and Zager, JJ., who concur in part and dissent in part.

**MANSFIELD, Justice (concurring in part and dissenting in part).**

I agree that the sentence as corrected by the district court should be affirmed. However, I would not make the affirmance conditional.

Let's recap what is before this court. In 1994, Hoeck was convicted of first-degree kidnapping, second-degree murder, first-degree robbery, criminal gang participation, conspiracy, and a weapons offense for his leading role in the brutal assault, abduction, and murder of a seventeen-year-old girl. *See State v. Hoeck*, 547 N.W.2d 852, 855–56 (Iowa Ct. App. 1996). Pursuant to Iowa law, Hoeck received a mandatory life-without-parole sentence on the first-degree kidnapping conviction.

Because Hoeck was seventeen years old when he committed these crimes, he filed a postconviction relief proceeding to vacate his life-without-parole sentence on the kidnapping charge after the United States Supreme Court decided *Graham v. Florida* in 2010. *See Graham v. Florida*, 560 U.S. 48, 82, 130 S. Ct. 2011, 2034, 176 L. Ed. 2d 825, 845 (2010) (holding that a juvenile may not constitutionally be sentenced to life without parole for a nonhomicide offense). The district court, applying our decision in *Bonilla v. State,* struck the "without parole" portion of the kidnapping sentence and did not otherwise modify Hoeck's sentence. *See Bonilla v. State*, 791 N.W.2d 697, 702 (Iowa 2010) (deciding that the appropriate remedy in Iowa for correction of an life-without-parole sentence in light of *Graham* was to eliminate the "without parole" provision).

As a result of the district court's resentencing, Hoeck is now currently eligible for parole. No mandatory minimums apply to his sentence.

Nevertheless, Hoeck appealed the district court's ruling to this court. On appeal, Hoeck argues that a juvenile offender cannot receive even a *life-with-parole* sentence without consideration of individualized factors relating to youth. Hoeck raises this argument under both the Federal and the Iowa Constitutions. Yet this argument clearly has no traction under federal constitutional law, as the majority points out in part IV(A) of its opinion. Accordingly, Hoeck's appellate argument focuses on the Iowa Constitution.

Hoeck develops this state constitutional argument in twenty pages of his brief. *See* Appellant's Br. at 31–51. The gist of Hoeck's argument is that a district court must be given discretion to consider the factors of youth before sentencing a juvenile to life with parole, even if there is no mandatory minimum. "When defendant was originally sentenced the district court was not given any discretion to consider any mitigating factors that may have warranted a lesser sentence." *Id.* at 50. In Hoeck's view, regardless of parole eligibility, a life sentence violates the Iowa Constitution unless the district court can consider the youth factors before determining whether to impose that sentence.

This is a categorical argument. True, the defendant cites to *State v. Bruegger*, 773 N.W.2d 862 (Iowa 2009), but he does not do so to raise an as-applied disproportionality challenge. Hoeck does not claim that his existing sentence, under which he is presently eligible for parole for the serious crimes he committed in 1993, is grossly disproportionate. Rather, Hoeck cites *Bruegger* (1) to assert that we have applied the Iowa Constitution more stringently than the United States Constitution, (2) for the proposition that a challenge to an illegal sentence can be raised at any time, and (3) for the principle that we will vacate and remand rather than allow a sentence that is or may be illegal to stand. For the last of

these three points, Hoeck also cites *Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010).[3]

Thus, we have before us a straightforward question: Does the Iowa Constitution categorically prohibit the general assembly from making a life sentence the designated punishment for a heinous crime when that crime is committed by a seventeen-year-old, even if there is no mandatory minimum the defendant must serve before becoming eligible for parole?

I think the answer is clearly no. In my view, the general assembly, expressing the will of the people of this state, may require juveniles who commit first-degree kidnapping to serve life in prison, so long as parole is available. But more importantly, I think we ought to answer the question. We owe it to the citizens of this state to clarify the limits and scope of *State v. Null* and *State v. Pearson* when presented to us in a case that meets our prior error preservation requirements. *See State v. Null*, 836 N.W.2d 41, 70–71, 77 (Iowa 2013) (applying the Iowa Constitution and reversing a sentence that requires a juvenile to serve at least 52.5 years before being eligible for parole); *State v. Pearson*, 836 N.W.2d 88, 96, 98 (Iowa 2013) (applying the Iowa Constitution and reversing a sentence that requires a juvenile to serve at least thirty-five years before being eligible for parole).

---

[3]We transferred the case to the court of appeals, which rejected Hoeck's categorical argument without undertaking a separate analysis under the United States and the Iowa Constitutions. The court of appeals also rejected Hoeck's pro se appellate arguments relating to other matters—correctly in my view. My colleagues would allow the court of appeals' decision to stand on these matters, and I concur in that approach.

Hoeck's further review application to our court reiterated that his life-with-parole sentence violated *both* the United States *and* Iowa Constitutions because "the district court was not given any discretion to consider any mitigating factors" related to youth.

Other trial judges in our state have done the same thing that this trial judge did: When a person comes before the court who received a mandatory life-without-parole sentence for a crime committed as a juvenile, they are resentencing the person to life *with* parole. If this procedure doesn't meet state constitutional requirements, we ought to tell them. Notably, the Massachusetts Supreme Judicial Court recently had no difficulty in drawing lines for its trial judges under the Massachusetts Constitution. *See Diatchenko v. Dist. Att'y*, 1 N.E.3d 270, 285–86, 466 Mass. 665, 672–73 (Mass. 2013). It went beyond *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), in holding that even discretionary life without parole for a juvenile who commits first-degree murder violated the Massachusetts Constitution. *Diatchenko*, 1 N.E.3d at 284–85, 466 Mass. at 671. However, it held that mandatory life *with* parole was a suitable remedy for both federal and state constitutional claims. *Id.* at 285–86, 466 Mass. at 672–73.

In this case, the State understood what Hoeck was claiming on appeal. Its attorney opened his argument to us as follows:

> May it please the Court. It is the State's position that the defendant's life sentence for first degree kidnapping was corrected in the district court at the hearing in July of 2011. Applying *Graham* and *Bonilla*, he obtained what the Supreme Court—the U.S. Supreme Court says you have to have. In a non-homicide juvenile situation, you have to have a meaningful opportunity for release on parole. *Miller*, we submit, does not apply here, *nor is there any basis similar to* Null *or* Pearson *to apply the* Miller *sentencing factors here because he indeed has a meaningful opportunity for parole . . . .*

(Emphasis added.)

But even assume for a moment that Hoeck's position is unclear. I do not think we get to both (1) affirm his sentence and (2) order the case below to continue so Hoeck can keep challenging that same sentence.

Our options are rather to affirm Hoeck's sentence, reverse outright because the sentence is invalid, or reverse and remand for further proceedings because Hoeck has shown the sentence may be invalid. In *Veal*, for example, we reversed the dismissal of the postconviction relief proceeding and remanded for further proceedings. *See Veal*, 779 N.W.2d at 65 ("[T]he judgment of the district court is reversed, and the matter remanded to the district court for further proceedings."). The requirement that we fish or cut bait on appeal by either affirming the district court order in its entirety or reversing it at least in part, but not doing both at once, is an important, historic limitation on our appellate power. It forces appellate courts to adhere to their proper role as decisonmakers, instead of acting as generalized case supervisors.

It is true that we have "conditionally affirmed" district court rulings at times in the past. *See, e.g., Frontier Leasing Corp. v. Links Eng'g, LLC*, 781 N.W.2d 772, 776 (Iowa 2010); *WSH Props., L.L.C. v. Daniels*, 761 N.W.2d 45, 52 (Iowa 2008); *In re R.E.K.F.*, 698 N.W.2d 147, 151 (Iowa 2005); *State v. Powell*, 684 N.W.2d 235, 241–42 (Iowa 2004). Those cases are all different from the present situation. In every one of those cases, we rendered a decision on all issues before us, but we could not determine the final outcome of the case without more information. So, to minimize the possible need for a future appeal, we conditionally affirmed. We made clear what additional information was needed below, and what the alternative outcomes would be—i.e., an affirmance or something else depending on what the information showed.

*In re R.E.K.F.* is a good example of this. It was a termination of parental rights proceeding. *In re R.E.K.F.*, 698 N.W.2d at 148. We ruled that the state had failed to give the required notice to the correct Indian tribe. *Id.* at 150. However, rather than reversing the order terminating

parental rights, we conditionally affirmed it, explaining that the termination order would stand if the tribe failed to respond or determined the child was not eligible for tribal membership. *Id.* at 151.

Several things about *In re R.E.K.F.* should be noted. We decided the entire appeal. *Id.* Unlike here, we did not leave a door open for new arguments. Indeed, the very purpose of the conditional affirmance was to close that door. Presumably, we ordered a conditional affirmance in *In re R.E.K.F.* because of the time urgency associated with parental rights cases. *See id.* That way, if it turned out the tribe had no interest in the proceeding, the termination order could stand without further delay. *Id.* ("If the Seneca Nation fails to respond within the appropriate timeframe or replies and determines Ruby is not eligible for tribal membership, the juvenile court's original order of termination will stand.").

Here, by contrast, we are purporting to affirm the final judgment in Hoeck's postconviction relief proceeding while letting the case go back so Hoeck can expand upon his challenges to his sentence. The only contingency is whether Hoeck will expand on what he previously filed, something he will surely do. What happens next is totally undetermined, except for the fact that the case will continue. This is really a reversal, therefore. Yet my colleagues are apparently reluctant to call it that, perhaps because it just doesn't sit right with them, and perhaps because they would also have to say what Hoeck has raised that merits reversal.

There is no reason to extend the heretofore limited concept of "conditional affirmance." We don't have a child that needs permanency. We aren't saving ourselves another appeal. Hoeck won't suffer prejudice if we simply affirm because we have previously held that a challenge to an illegal sentence is not subject to the three-year time bar.

I realize the normal practice is to require arguments to be raised for the first time in the district court. There are good reasons for that practice. But we changed that law with respect to illegal sentences, and we now have a purely legal issue under the Iowa Constitution that has been briefed to us, in far more detail than this court normally requires for challenges under the Iowa Constitution. The district court is going to wonder why we didn't decide it.

For the foregoing reasons, I concur in part and dissent in part.

Waterman and Zager, JJ., join this concurrence in part, dissent in part.