MANSFIELD, Justice
(concurring in part and dissenting in part).
I agree that the sentence as corrected by the district court should be affirmed. However, I would not make the affirmance conditional.
Let’s recap what is before this court. In 1994, Hoeck was convicted of first-degree kidnapping, second-degree murder, first-degree robbery, criminal gang participation, conspiracy, and a weapons offense for his leading role in the brutal assault, abduction, and murder of a seventeen-year-old girl. See State v. Hoeck, 547 N.W.2d 852, 855-56 (Iowa Ct.App.1996). Pursuant to Iowa law, Hoeck received a mandatory life-without-parole sentence on the first-degree kidnapping conviction.
Because Hoeck was seventeen years old when he committed these crimes, he filed a postconviction relief proceeding to vacate *73 his life-without-parole sentence on the kidnapping charge after the United States Supreme Court decided Graham v. Florida in 2010. See Graham v. Florida, 560 U.S. 48, 82, 130 S.Ct. 2011, 2034, 176 L.Ed.2d 825, 845 (2010) (holding that a juvenile may not constitutionally be sentenced to life without parole for a nonho-micide offense). The district court, applying our decision in Bonilla v. State, struck the “without parole” portion of the kidnapping sentence and did not otherwise modify Hoeck’s sentence. See Bonilla v. State, 791 N.W.2d 697, 702 (Iowa 2010) (deciding that the appropriate remedy in Iowa for correction of an life-without-parole sentence in light of Graham was to eliminate the “without parole” provision).
As a result of the district court’s resen-tencing, Hoeck is now currently eligible for parole. No mandatory mínimums apply to his sentence.
Nevertheless, Hoeck appealed the district court’s ruling to this court. On appeal, Hoeck argues that a juvenile offender cannot receive even a life-with-parole sentence without consideration of individualized factors relating to youth. Hoeck raises this argument under both the Federal and the Iowa Constitutions. Yet this argument clearly has no traction under federal constitutional law, as the majority points out in part IV(A) of its opinion. Accordingly, Hoeck’s appellate argument focuses on the Iowa Constitution.
Hoeck develops this state constitutional argument in twenty pages of his brief. See Appellant’s Br. at 31-51. The gist of Hoeck’s argument is that a district court must be given discretion to consider the factors of youth before sentencing a juvenile to life with parole, even if there is no mandatory minimum. “When defendant was originally sentenced the district court was not given any discretion to consider any mitigating factors that may have warranted a lesser sentence.” Id. at 50. In Hoeck’s view, regardless of parole eligibility, a life sentence violates the Iowa Constitution unless the district court can consider the youth factors before determining whether to impose that sentence.
This is a categorical argument. True, the defendant cites to State v. Bruegger, 773 N.W.2d 862 (Iowa 2009), but he does not do so to raise an as-applied dispropor-tionality challenge. Hoeck does not claim that his existing sentence, under which he is presently eligible for parole for the serious crimes he committed in 1993, is grossly disproportionate. Rather, Hoeck cites Bruegger (1) to assert that we have applied the Iowa Constitution more stringently than the United States Constitution, (2) for the proposition that a challenge to an illegal sentence can be raised at any time, and (3) for the principle that we will vacate and remand rather than allow a sentence that is or may be illegal to stand. For the last of these three points, Hoeck also cites Veal v. State, 779 N.W.2d 63, 65 (Iowa 2010).[3]
Thus, we have before us a straightforward question: Does the Iowa Constitution categorically prohibit the general assembly from making a life sentence the designated punishment for a heinous crime when that crime is committed by a seven *74 teen-year-old, even if there is no mandatory minimum the defendant must serve before becoming eligible for parole?
I think the answer is clearly no. In my view, the general assembly, expressing the will of the people of this state, may require juveniles who commit first-degree kidnapping to serve life in prison, so long as parole is available. But more importantly, I think we ought to answer the question. We owe it to the citizens of this state to clarify the limits and scope of State v. Null and State v. Pearson when presented to us in a case that meets our prior error preservation requirements. See State v. Null, 836 N.W.2d 41, 70-71, 77 (Iowa 2018) (applying the Iowa Constitution and reversing a sentence that requires a juvenile to serve at least 52.5 years before being eligible for parole); State v. Pearson, 836 N.W.2d 88, 96, 98 (Iowa 2013) (applying the Iowa Constitution and reversing a sentence that requires a juvenile to serve at least thirty-five years before being eligible for parole).
Other trial judges in our state have done the same thing that this trial judge did: When a person comes before the court who received a mandatory life-without-parole sentence for a crime committed as a juvenile, they are resentencing the person to life with parole. If this procedure doesn’t meet state constitutional requirements, we ought to tell them. Notably, the Massachusetts Supreme Judicial Court recently had no difficulty in drawing lines for its trial judges under the Massachusetts Constitution. See Diatchenko v. Dist. Att’y, 1 N.E.3d 270, 285-86, 466 Mass. 655, 672-73 (2013). It went beyond Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), in holding that even discretionary life without parole for a juvenile who commits first-degree murder violated the Massachusetts Constitution. Diatchenko, 1 N.E.3d at 284-85, 466 Mass. at 671. However, it held that mandatory life with parole was a suitable remedy for both federal and state constitutional claims. Id. at 285-86, 466 Mass. at 672-73.
In this case, the State understood what Hoeck was claiming on appeal. Its attorney opened his argument to us as follows:
May it please the Court. It is the State’s position that the defendant’s life sentence for first degree kidnapping was corrected in the district court at the hearing in July of 2011. Applying Graham and Bonilla, he obtained what the Supreme Court — the U.S. Supreme Court says you have to have. In a non-homicide juvenile situation, you have to have a meaningful opportunity for release on parole. Miller, we submit, does not apply here, nor is there any basis similar to Null or Pearson to apply the Miller sentencing factors here because he indeed has a meaningful opportunity for parole....
(Emphasis added.)
But even assume for a moment that Hoeck’s position is unclear. I do not think we get to both (1) affirm his sentence and (2) order the case below to continue so Hoeck can keep challenging that same sentence. Our options are rather to affirm Hoeck’s sentence, reverse outright because the sentence is invalid, or reverse and remand for further proceedings because Hoeck has shown the sentence may be invalid. In Veal, for example, we reversed the dismissal of the postconviction relief proceeding and remanded for further proceedings. See Veal, 779 N.W.2d at 65 (“[T]he judgment of the district court is reversed, and the matter remanded to the district court for further proceedings.”). The requirement that we fish or cut bait on appeal by either affirming the district court order in its entirety or reversing it at least in part, but not doing both at once, is an important, historic limitation on our appellate power. It forces appellate *75 courts to adhere to their proper role as decisionmakers, instead of acting as generalized case supervisors.
It is true that we have “conditionally affirmed” district court rulings at times in the past. See, e.g., Frontier Leasing Corp. v. Links Eng’g, LLC, 781 N.W.2d 772, 776 (Iowa 2010); WSH Props., L.L.C. v. Daniels, 761 N.W.2d 45, 52 (Iowa 2008); In re R.E.K.F., 698 N.W.2d 147, 151 (Iowa 2005); State v. Powell, 684 N.W.2d 235, 241-42 (Iowa 2004). Those cases are all different from the present situation. In every one of those cases, we rendered a decision on all issues before us, but we could not determine the final outcome of the case without more information. So, to minimize the possible need for a future appeal, we conditionally affirmed. We made clear what additional information was needed below, and what the alternative outcomes would be — i.e., an affirmance or something else depending on what the information showed.
In re R.E.EF. is a good example of this. It was a termination of parental rights proceeding. In re R.E.K.F., 698 N.W.2d at 148. We ruled that the state had failed to give the required notice to the correct Indian tribe. Id. at 150. However, rather than reversing the order terminating parental rights, we conditionally affirmed it, explaining that the termination order would stand if the tribe failed to respond or determined the child was not eligible for tribal membership. Id. at 151.
Several things about In re R.E.K.F. should be noted. We decided the entire appeal. Id. Unlike here, we did not leave a door open for new arguments. Indeed, the very purpose of the conditional affir-mance was to close that door. Presumably, we ordered a conditional affirmance in In re R.E.K.F. because of the time urgency associated with parental rights cases. See id. That way, if it turned out the tribe had no interest in the proceeding, the termination order could stand without further delay. Id. (“If the Seneca Nation fails to respond within the appropriate timeframe or replies and determines Ruby is not eligible for tribal membership, the juvenile court’s original order of termination will stand.”).
Here, by contrast, we are purporting to affirm the final judgment in Hoeck’s post-conviction relief proceeding while letting the case go back so Hoeck can expand upon his challenges to his sentence. The only contingency is whether Hoeck will expand on what he previously filed, something he will surely do. What happens next is totally undetermined, except for the fact that the case will continue. This is really a reversal, therefore. Yet my colleagues are apparently reluctant to call it that, perhaps because it just doesn’t sit right with them, and perhaps because they would also have to say what Hoeck has raised merits reversal.
There is no reason to extend the heretofore limited concept of “conditional affir-mance.” We don’t have a child that needs permanency. We aren’t saving ourselves another appeal. Hoeck won’t suffer prejudice if we simply affirm because we have previously held that a challenge to an illegal sentence is not subject to the three-year time bar.
I realize the normal practice is to require arguments to be raised for the first time in the district court. There are good reasons for that practice. But we changed that law with respect to illegal sentences, and we now have a purely legal issue under the Iowa Constitution that has been briefed to us, in far more detail than this court normally requires for challenges under the Iowa Constitution. The district court is going to wonder why we didn’t decide it.
*76 For the foregoing reasons, I concur in part and dissent in part.
WATERMAN and ZAGER, JJ, join this concurrence in part, dissent in part.

. We transferred the case to the court of appeals, which rejected Hoeck's categorical argument without undertaking a separate analysis under the United States and the Iowa Constitutions. The court of appeals also rejected Hoeck's pro se appellate arguments relating to other matters — correctly in my view. My colleagues would allow the court of appeals’ decision to stand on these matters, and I concur in that approach.
Hoeck's further review application to our court reiterated that his life-with-parole sentence violated both the United States and Iowa Constitutions because "the district court was not given any discretion to consider any mitigating factors" related to youth.