# IN THE COURT OF APPEALS OF IOWA

No. 15-1549
Filed March 23, 2016

**IN THE INTEREST OF S.K.,**
**Minor Child,**

**S.K., Mother,**
Appellant,

**B.K., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.

The mother and father appeal the district court's termination of their parental rights to their child, S.K. **BOTH APPEALS AFFIRMED ON CONDITION AND REMANDED.**

Stephie N. Tran, West Des Moines, for appellant mother.

Tabitha I. Turner of Turner Law Firm, P.L.L.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Kathryn K. Lang, Assistant Attorneys General, for appellee State.

Kayla Stratton of the Des Moines Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

The mother and father separately appeal the district court's termination of their parental rights to their child, S.K. Both parents argue the State failed to prove by clear and convincing evidence grounds to terminate their rights pursuant to Iowa Code section 232.116(1)(d), (e), and (h) (2015), and the father asserts the parent-child bond set forth in section 232.116(3) should preclude termination. The mother further argues termination is not in the child's best interests, as she has a strong bond with the child and should be granted additional time to resolve her methamphetamine addiction. A motion for stay was also filed by the father, who argued the Indian Child Welfare Act (ICWA) could apply.

We conclude the court properly terminated both parents' rights pursuant to paragraph (h), given their unresolved substance abuse issues result in S.K. not being able to be placed in either parent's care; furthermore, it is in the best interests of S.K. the parents' rights are terminated, and we find no consideration that would preclude termination. Consequently, we conditionally affirm the order of the district court and remand for a determination as to whether proper notice has taken place regarding ICWA.[1]

**I. Factual and Procedural Background**

S.K., born January 2014, first came to the attention of the Iowa Department of Human Services (DHS) in March 2014, when the mother tested positive for methamphetamine and marijuana and the father, who has a long

---

[1] The mother filed an untimely pro se letter after this case was submitted to this court for consideration. The State filed a motion to strike the letter as untimely. We grant the State's motion to strike.

criminal history, was reportedly actively using illegal substances. S.K. tested positive for methamphetamine and marijuana. She was removed from the parents' care on March 26, 2014, and placed with the paternal grandmother. However, DHS discovered the grandmother was allowing unsupervised contact with the parents. On August 14, 2014, the parents were arrested after the father was found to be driving without a license—with S.K. in the vehicle—and the mother had methamphetamine in her possession.[2] Consequently, S.K. was moved to family foster care, where she remained at the time of the termination hearing.

The following services were offered to the parents during the pendency of these proceedings: family safety, risk, and permanency services; supervised visitation; safety services; relative placement; drug testing; substance abuse treatment and individual therapy; medical and mental health services, including medication management; and remedial services. The district court noted, "The services have either not been successful or the parents have not complied with services." Before the termination hearing, the mother gave birth to another child who tested positive for methamphetamine.

Due to the parents' inability to resolve their substance abuse issues, the State petitioned to terminate their parental rights to S.K. A hearing was held on May 11, 2015, and on August 31, 2015, the district court issued an order terminating both parents' rights under Iowa Code section 232.116(1)(d), (e), and (h). The parents appeal the court's order.

---

[2] At the termination hearing, the mother claimed S.K. was not in the vehicle, asserting it was a different child.

On February 18, 2016, the father filed a motion for stay, arguing he and the mother might have Native American heritage and that the Indian Child Welfare Act (ICWA) could apply. The State resisted, and we address the motion for stay below.[3]

## II. Standard of Review

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interestS. *Id.* When the juvenile court terminates parental rights on more than one statutory ground, we only need to find grounds to terminate under one of the sections cited by the juvenile court to affirm. *Id.*

## III. Stay

The father argues both parents might have Indian heritage such that ICWA could apply, which requires us to issue an order to stay the proceedings and remand the case back to the district court so it may make a factual finding with respect to the applicability of ICWA.

With regard to ICWA, our supreme court has noted:

> A great number of courts considering similar statutes have held that when an appellate court finds a violation of ICWA notice provisions, reversal is not necessarily warranted. Rather, the proper procedure, at least when there is no other evidence the child is an Indian child, is to affirm the termination on the condition that the proper notification be provided. Only if it turns out the child is an Indian child and the tribe wants to intervene must the termination be reversed. Otherwise the termination stands.

---

[3] In spite of the father's belated claim, the termination order stated: "As no information has been presented to the Court to the contrary, the Court finds that the child is not an Indian Child." This was also noted as early as the April 2, 2014 order of pretrial conference.

> This solution is consistent with the mandate of the Iowa ICWA. The provisions of the Iowa ICWA do not apply until the court determines the children are "Indian" as defined in the Iowa ICWA. Therefore there can be no violation of the Iowa ICWA until the court determines it applies to the proceedings.

*In re R.E.K.F.*, 698 N.W.2d 147, 150 (Iowa 2005) (citations omitted).

Given this controlling case law, we need not grant the stay; rather, if we agree termination was statutorily warranted, we will conditionally affirm the termination and remand the case back to the district court for a determination of the applicability of ICWA.

**IV. Termination**

The mother and father both argue the district court improperly terminated their rights under Iowa Code section 232.116(1)(d), (e), and (h), and the parent-child bond consideration found in Iowa Code section 232.116(3)(c) precludes termination; the mother further argues it is not in S.K.'s best interests to terminate her rights because if she is granted more time she could care for S.K.

To terminate rights pursuant to paragraph (h), the State must establish the child is three years of age or younger, has been adjudicated a child in need of assistance and removed from the physical custody of the parents for at least six of the last twelve months, and there is clear and convincing evidence the child cannot be returned to the custody of the parents at the present time. Iowa Code § 232.116(1)(h)(1)–(4).

We agree with the juvenile court that termination of both parents' right is proper pursuant to paragraph (h). The parents' addiction issues prevent S.K. from being returned to their care. As the DHS report dated May 4, 2015, noted: "[The mother] is presently not working. [The father] continues to report he is

working at this time . . . . There has been a positive drug screen on both of the parents. When [the mother] called to cancel the last visit she was very emotional and talked very fast." This record demonstrates S.K. cannot be returned to either parent's care; therefore, termination was proper under paragraph (h) as to both the mother and the father. *See* Iowa Code § 232.116(1)(d)(4); *see also In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) (noting the mother's unresolved addiction prevented her from being able to care for her child).

Furthermore, termination of the parents' rights is in S.K.'s best interests. Neither parent has demonstrated a willingness to comply with services or made substantial progress with regard to resolving their substance abuse issues. On April 13, 2015, the father again tested positive for methamphetamine and the DHS report dated April 7, 2015, noted the mother returned a recent, positive drug screen. In determining the future actions of the parent, their past conduct is instructive. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). It is clear the parents are still active drug users, and it is in S.K.'s best interests to remain out of their care.

Additionally, the mother has received services since 2014 but has not made the progress needed to show S.K. would be safe in her care, which indicates that granting her more time would not resolve her issues. *See id.* We further note that "[w]e have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). The record also reflects that no consideration found in Iowa Code section 232.116(3) precludes termination, particularly given

the fact S.K. has been out of the parents' care for a significant length of time, thus refuting the conclusion there is a strong parent-child bond.  *See* Iowa Code § 232.116(3)(c).  We further find it encouraging S.K. is thriving in foster care.

Consequently, we conditionally affirm the district court's termination order, with instructions to remand so the court may consider the applicability of ICWA.

**BOTH APPEALS AFFIRMED ON CONDITION AND REMANDED.**