848 So.2d 389 (2003)
Christopher WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-182.
District Court of Appeal of Florida, Second District.
June 20, 2003.
*390 CASANUEVA, Judge.
Christopher Williams challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion, finding that it was untimely filed. We affirm the denial of the rule 3.850 claims contained in the motion on that basis. However, in several of the grounds of the motion, Mr. Williams raised illegal sentence claims that could also be raised pursuant to Florida Rule of Criminal Procedure 3.800(a) and therefore would not be barred by the two-year time limitation. The trial court erroneously failed to consider these claims. See Gill v. State, 829 So.2d 299 (Fla. 2d DCA 2002) (holding that where movant files properly pleaded postconviction claim but incorrectly styles postconviction motion in which it is raised, trial court must treat claims as if filed in properly pleaded motion). We have considered the illegal sentence claims on their merits and affirm the denial of these claims. We discuss only his claim regarding credit for time served.
Mr. Williams was resentenced in this case pursuant to our mandate in Williams v. State, 658 So.2d 612 (Fla. 2d DCA 1995). In ground eighteen of his motion, he alleged that the trial court did not properly award him credit for the "time served on sentence prior to resentencing." Mr. Williams failed to specify whether he was seeking prison and/or jail credit and, if jail credit, how much time he was entitled to. Furthermore, he failed to allege that any jail credit claim is reviewable from the face of the record, and the claim is therefore facially insufficient. See Joeb v. State, 822 So.2d 554 (Fla. 2d DCA 2002). Our affirmance is without prejudice to any right Mr. Williams has to file a facially sufficient motion for prison and/or jail credit pursuant to rule 3.800(a).
Affirmed without prejudice.
WHATLEY and SALCINES, JJ., Concur.