# IN THE SUPREME COURT OF IOWA

No. 08–1207

Filed February 26, 2010

**RUTHANN VEAL,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Petitioner seeks further review of the denial of her postconviction relief application as barred by the applicable statute of limitations. **DECISION OF THE COURT OF APPEALS VACATED. DISTRICT COURT JUDGMENT REVERSED, AND CASE REMANDED WITH INSTRUCTIONS.**

Bryan A. Stevenson and Aaryn M. Urell of the Equal Justice Initiative of Alabama, Montgomery, Alabama, and Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Thomas W. Andrews, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly A. Griffith, Assistant County Attorney, for appellee.

**APPEL, Justice.**

Ruthann Veal appeals a district court ruling dismissing her postconviction relief action, which challenged the constitutionality of her sentence of life imprisonment without the possibility of parole (LWOP). In the district court, Veal argued that because her offense was committed when she was a juvenile, the mandatory LWOP sentence for first-degree murder amounted to cruel and unusual punishment under the Iowa and United States Constitutions. The district court ruled that her claim was untimely under our postconviction relief statute, which generally requires that challenges to criminal convictions be brought within three years. The court of appeals affirmed. On further review, we vacate the decision of the court of appeals, reverse the decision of the district court, and remand the case to the district court for further proceedings.

### I. Factual and Procedural History.

In June 1993, Catherine Haynes was the victim of a homicide. Veal was charged with first-degree murder in connection with her death. At the time of the homicide, Veal was fourteen years old. In May 1995, a Black Hawk County jury convicted Veal of first-degree murder. The district court sentenced Veal, as required by statute, to life imprisonment without the possibility of parole. Her conviction was upheld on direct appeal. *State v. Veal*, 564 N.W.2d 797, 813 (Iowa 1997), *overruled in part on other grounds by State v. Hallum*, 585 N.W.2d 249, 253 (Iowa 1998), *vacated by Hallum v. Iowa*, 527 U.S. 1001, 119 S. Ct. 2335, 144 L. Ed. 2d 233 (1999).

Veal filed an application for postconviction relief on February 28, 2008. In her application, she contended her LWOP sentence amounted to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and article I, section 17 of the Iowa

Constitution. Veal did not, however, articulate a standard under the cruel and unusual punishment clause of the Iowa Constitution different from that employed by the United States Supreme Court under the Eighth Amendment.

In order to avoid the three-year statute of limitations for postconviction relief actions in Iowa Code section 822.3 (2007), Veal asserted that her challenge could not have been raised earlier due to a change in the law. In support of her argument, Veal cited *Roper v. Simmons*, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005). In *Roper*, the Supreme Court of the United States held that the death penalty could not be applied to persons who were less than eighteen years of age at the time of the offense. *Roper*, 543 U.S. at 575, 125 S. Ct. at 1198, 161 L. Ed. 2d at 25. In the alternative, Veal asserted that the tardiness of her postconviction relief action was excused due to ineffective assistance of counsel.

The district court found Veal's postconviction relief action untimely. The court held that *Roper* did not amount to "new law," within the meaning of the statutory exception to the three-year statute of limitations. The district court believed that *Roper* was strictly limited to death penalty cases and thus had no application to Veal's LWOP sentence. Veal appealed the dismissal, and the court of appeals affirmed. We granted further review.

## II. Standard of Review.

The issues presented in this case are all legal in nature. The district court judgment is thus reviewable for correction of errors at law. Iowa R. App. P. 6.907 (2009).

### III. Discussion.

A threshold question in this case is whether the district court had jurisdiction to entertain Veal's claim. Resolution of this issue is controlled by our recent decision in *State v. Bruegger*, 773 N.W.2d 862 (Iowa 2009), a case decided after the district court judgment and court of appeals decision in this case.

In *Bruegger*, we considered whether a challenge to a sentence under the Cruel and Unusual Punishment Clauses of the United States and Iowa Constitutions was a challenge to an "illegal sentence" under Iowa Rule of Criminal Procedure 2.24(5)(*a*). *Bruegger*, 773 N.W.2d at 870–72. That rule provides, "The court may correct an illegal sentence *at any time.*" Iowa R. Crim. P. 2.24(5)(*a*) (emphasis added). We held in *Bruegger* that a cruel-and-unusual-punishment challenge amounted to a claim that a sentence was illegal because it involved a claim that the sentencing court lacked the power to impose a particular sentence. *Bruegger*, 773 N.W.2d at 871.

This holding in *Bruegger* is fully applicable here. Under the principles described in *Bruegger*, a claim that a sentence is illegal may be raised at any time under Iowa Rule of Criminal Procedure 2.24(5)(*a*). *Id.* Further, with respect to a claim of an illegal sentence, the ordinary rules of issue preservation do not apply. *Id.*

Even if Veal's claim may be regarded as a timely attack on an illegal sentence under our rules of criminal procedure, the question arises whether the time limitations of our postconviction relief statute are applicable to claims involving illegal sentences. At oral argument, counsel for the State candidly conceded that if the claim were regarded as a challenge to an illegal sentence, as we have held, the time restrictions in Iowa Code section 822.3 do not apply.

Consistent with the State's concession, we conclude that the time restrictions that apply in ordinary postconviction relief actions do not apply in illegal sentence challenges. A claim that a sentence is illegal goes to the underlying power of the court to impose a sentence, not simply to its legal validity. *Id.* As a result, Veal's claim does not constitute a postconviction relief action, so her case is not governed by the postconviction statute of limitations.

Our court of appeals has assumed that claims of an illegal sentence are not barred by the statute of limitations in Iowa Code section 822.3. *See, e.g., State v. Chadwick*, 586 N.W.2d 391, 392–93 (Iowa Ct. App. 1998). *Chadwick* is consistent with numerous other cases across the nation. *See Kelley v. State*, 985 So. 2d 972, 975 (Ala. Crim. App. 2007); *Lovelace v. State*, 785 S.W.2d 212, 213 (Ark. 1990); *Williams v. State*, 848 So. 2d 389, 390 (Fla. Dist. Ct. App. 2003); *Housley v. State*, 811 P.2d 495, 499 (Idaho Ct. App. 1991); *State v. Parker*, 711 So. 2d 694, 694–95 (La. 1998); *Ivy v. State*, 731 So. 2d 601, 603 (Miss. 1999); *State v. Murray*, 744 A.2d 131, 134 (N.J. 2000). We agree with our court of appeals and the relevant authority from other states—an illegal sentence is a challenge to the underlying power of a court to impose a sentence and is not a postconviction relief action subject to the limitations in Iowa Code section 822.3.

For the above procedural reasons, we hold that the district court's order dismissing Veal's challenge to her sentence on cruel-and-unusual-punishment grounds must be reversed and the case remanded to the district court. Although not labeled as such, the district court on remand should treat her application for postconviction relief as a challenge to an illegal sentence that is not subject to the three-year statute of limitations in Iowa Code section 822.3. *Cf. Buechel v. Five Star*

*Quality Care, Inc.*, 745 N.W.2d 732, 735 (Iowa 2008) (treating an improvidently filed direct appeal as an application for interlocutory appeal).

### IV. Conclusion.

For the above reasons, the decision of the court of appeals is vacated, the judgment of the district court is reversed, and the matter remanded to the district court for further proceedings.

**DECISION OF THE COURT OF APPEALS VACATED. DISTRICT COURT JUDGMENT REVERSED, AND CASE REMANDED WITH INSTRUCTIONS.**

All justices concur except Baker, J., who takes no part.