**IN THE COURT OF APPEALS OF IOWA**

No. 12-1396
Filed May 14, 2014

**DANIEL M. CLAYBON,**
          Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
          Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

Daniel Claybon appeals from the dismissal of his third application for post-conviction relief.  **AFFIRMED.**

John J. Wolfe of Wolfe Law Office, Clinton, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly Griffith, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**DANILSON, C.J.**

Daniel Claybon appeals from the dismissal of his third application for postconviction relief (PCR) as being time-barred. Because the issues raised on appeal were not first presented to the district court, they are not properly before us. We affirm.

*I. Standard of Review.* Generally, we review the district court's dismissal of a postconviction action on the grounds it was time-barred for the correction of errors at law. *State v. Harrington*, 659 N.W.2d 509, 519 (Iowa 2003). We consider whether the district court's findings of fact are supported by substantial evidence, and whether the law was correctly applied. *Id.* at 520. However, for applications that raise a constitutional challenge, we review de novo. *Id.*

*II. Facts and Issues Raised in Application for Postconviction Relief.* In 1990 Daniel Claybon was charged with first-degree murder on alternative bases: premeditated murder and felony murder. His trial counsel moved to dismiss the felony-murder alternative insofar as it alleged the death occurred as a result of willful injury, asserting that "[t]o allow an enhanced charge of Murder in the First Degree without requiring the State to prove either an independent felony or premeditation and willful and deliberate killing denies the Defendant due process of law and allows cruel and unusual punishment in violation of the U.S. and Iowa Constitutions." Based on then precedent, the district court denied the motion to dismiss.

The jury was instructed in "Alternative A" on premeditated murder and in "Alternative B" on felony murder with the felony being "willful injury and/or

robbery."[1]  The jury specifically found Claybon guilty of first-degree murder under Alternative B.

Claybon's conviction was affirmed on direct appeal.  *State v. Claybon*, No. 90-1605 (Iowa Ct. App. Feb. 25, 1992).  The appeal did not raise the argument that willful injury could not be the predicate offense for first-degree murder; rather, defendant asserted the trial court erred in denying his motion for change of venue and in admitting evidence of other criminal acts.  *Id.* slip op. at 2.

Claybon filed his first application for PCR alleging ineffective assistance based on counsel's failure to challenge the jury selection process and trial court errors, including denial of Claybon's motion for a change of venue and admission of prior bad acts evidence.  *See Claybon v. State*, No. 96-2252, slip op. at 2 (Iowa Ct. App. Apr. 24, 1998).  The denial of his PCR application was affirmed. *See id.*

On August 25, 2006, the Iowa Supreme Court issued its decision in *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006), in which it held that "if the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for

---

[1] The instruction under Alternative B provided:

> The State must prove all of the elements of Murder in the First Degree in either:
>
> . . . .
>
> 1. On or about the 11th day of March, 1990, the defendant participated in the offense of Willful Injury and/or Robbery.
> 2. That while so participating, the defendant shot Jeffrey Dean Wood with malice aforethought.
> 3. That Jeffrey Dean Wood died as a result of said injury.
> If the State has proved all of the elements, in either Alternative "A" or "B", the defendant is guilty of Murder in the First Degree.

felony-murder purposes." The *Heemstra* opinion states, "The rule of law announced in this case regarding the use of willful injury as a predicate felony for felony-murder purposes shall be applicable only to the present case and those cases not finally resolved on direct appeal in which the issue has been raised in the district court." 721 N.W.2d at 558.

On September 26, 2006, Claybon filed his second PCR application asserting the trial court erred in instructing the jury on felony murder with willful injury as the predicate offense and prior counsel were ineffective in failing to preserve the issue. On June 6, 2007, the district court dismissed this second PCR application, reasoning, "*Heemstra* by its very wording does not apply to petitioner. Petitioner's case was not on direct appeal when *Heemstra* was decided. Indeed, petitioner's appeal was decided 14 to 15 years prior to the *Heemstra* decision." The Iowa Supreme Court upheld that dismissal, concluding "the appeal is frivolous." *Claybon v. State*, No. 07-1089 (Iowa June 2, 2010). Procedendo issued on June 25, 2010.

On July 5, 2011, Claybon filed his third PCR application, alleging his sentence was illegal and challenging the adequacy of the trial information and the jury instructions regarding the theories of joint criminal conduct and aiding and abetting. The district court ruled his sentence was not illegal,[2] and these "challenges to the jury instructions and the sufficiency of the trial information" should have been raised within three years of the conviction. *See* Iowa Code

---

[2] An illegal sentence can be raised at any time and is not subject to the limitations period of Iowa Code section 822.3. *Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010) ("Consistent with the State's concession, we conclude that the time restrictions that apply in ordinary postconviction relief actions do not apply in illegal sentence challenges.").

§ 822.3 (2011) (requiring most PCR applications to be filed within three years from the date the writ of procedendo is issued, but stating "this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period").

*III. Issues Raised on Appeal.*  On appeal Claybon argues, "This case should be remanded to the Black Hawk County District Court for a determination as to whether retroactive applications of *Heemstra* is required by the equal protection, due process and separation of powers clauses of the Iowa Constitution, or the equal protection clause of the United States Constitution."[3] Claybon thus raises an issue not presented to the district court.

We decline to reach the issues now raised, which were not raised below.[4] *See DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002) ("[W]e will not consider a substantive or procedural issue for the first time on appeal."); *accord Phuoc Thanh Nguyen v. State*, 829 N.W.2d 183, 187 (Iowa 2013).

**AFFIRMED.**

---

[3] He first asserts, "*Heemstra* resulted in a change in the law regarding the felony murder offense and therefore a new limitation period began to run on that issue with the court's ruling in *Heemstra*." He also contends, "Claybon's failure to have effective counsel as guaranteed by section 10, article one of the Iowa Constitution and the Sixth Amendment to the United States Constitution is adequate reason why his post-conviction proceeding should not be dismissed under the authority of § 822.3, Iowa Code."

[4] In any event, in *Nguyen v. State*, 829 N.W.2d 183, 187 (Iowa 2013), the supreme court ruled an April 2, 2009 PCR application—in which Nguyen had argued that denying retroactive application of *Heemstra* violated equal protection, due process, and separation of powers clauses of the Iowa Constitution, or the Equal Protections Clause of the United States Constitution—was not time-barred under section 822.3 despite his 2002 conviction because the claim could not have been made until *Heemstra* was decided—in August 2006. Thus, Nguyen's PCR was filed within three years of when his claim arose. Claybon already raised a *Heemstra* claim in his 2006 PCR application and did not then contend that the denial of retroactive application violated his constitutional rights. Nor did he make that claim in his third PCR application filed July 2011. Even if he had made the claim in this third application, it would have been time-barred as it was filed more than three years after *Heemstra* was decided.