# IN THE COURT OF APPEALS OF IOWA

No. 13-1650
Filed December 24, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**SAMMY LEMORRIS CLAYTON,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Mary Ann Brown, Judge.

Defendant appeals from the denial of his motion to correct an illegal sentence. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Patrick Jackson, County Attorney, and Tyron Rogers, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

Sammy Clayton appeals from the district court's denial of his motion to correct an illegal sentence. In his motion, Clayton maintained that the sentence he received was grossly disproportionate to the underlying crime. The district court denied the motion without a hearing. On appeal, Clayton maintains he should be afforded an evidentiary hearing in order to develop his cruel and unusual challenge to his sentence. We review constitutional claims de novo. *State v. Oliver*, 812 N.W.2d 636, 639 (Iowa 2012).

In *Miller v. Alabama*, 132 S. Ct. 2455, 2460 (2012), the United States Supreme Court held that mandatory life without parole for those under the age of eighteen at the time of their crimes is "cruel and unusual" and imposed a requirement of individualized sentencing in such cases. In a string of recent cruel and unusual punishment cases, our supreme court has adopted "a more stringent review than would be available under the Federal Constitution." *State v. Bruegger*, 773 N.W.2d 862, 883–86 (Iowa 2009); *see also State v. Null*, 836 N.W.2d 41, 74–75 (Iowa 2013) (extending *Miller* to require individualized sentencing for juvenile offenders when a lengthy sentence is the result of aggregate sentences). Thus far, the court has only extended the requirement of individualized sentencing to juveniles in various instances. Because Clayton was twenty-seven years old at the time of the crime, there is no categorical rule requiring the district court to afford Clayton an individualized sentencing hearing.

In *State v. Oliver*, 812 N.W.2d 636, 651 (Iowa 2012), our supreme court clarified that defendants are entitled to bring an as-applied challenge, now known as a gross disproportionality challenge, to their sentences. The threshold

question is whether the defendant's sentence leads to an inference of gross disproportionality to the underlying crime. *See id.* at 650. "If the sentence does not create an inference of gross disproportionality, then no further analysis is necessary." *Id.* The court "examines the unique combination of the features in [the defendant's] case as part of our threshold determination regarding the inference of gross disproportionality." *Id.* at 651. Here, Clayton's motion to correct an illegal sentence did not establish an inference of gross disproportionality between the underlying crime and the sentence. Without more, we cannot say the district court should have afforded him a hearing on his claim.[1] We affirm the district court's denial of Clayton's motion to correct an illegal sentence.

**AFFIRMED.**

Doyle, J., concurs; Tabor, J., concurs specially.

---

[1] The defendant would have us rule that the district court must provide a hearing for any defendant who claims a disproportionate sentence. In the interest of judicial efficiency, we cannot find that a mere claim of disproportionality is sufficient to require an expanded hearing on the matter. At a minimum, the motion should allege why the sentencing hearing was insufficient or inadequate to set forth defendant's individual facts or the legal issue raised.

**TABOR, J.** (concurring specially)

Like the majority, I am not prepared to remand this matter to the district court for an evidentiary hearing where the defense and the State would present evidence as to the constitutionality of Iowa Code sections 707.3 and 902.12(1) as applied to Clayton.[2]  Such an individualized assessment to determine whether a sentence is grossly disproportionate to the crime is necessary only in the "relatively rare case" where a mandatory sentence appears to be "off the charts" under all the facts and circumstances.  *See State v. Bruegger*, 773 N.W.2d 862, 884–85 (Iowa 2009).

I write separately to emphasize our supreme court has yet to provide concrete guidance regarding what factors might introduce a high risk of gross disproportionality so as to entitle a defendant to an evidentiary hearing.  The court remanded for such an individualized assessment in *Bruegger* because that case involved "an unusual combination of features that converge[d] to generate a high risk of potential gross disproportionality—namely, a broadly framed crime, the permissible use of preteen juvenile adjudications as prior convictions to enhance the crime, and a dramatic sentence enhancement for repeat offenders." *Id.* at 884.  *Bruegger* cannot be read to require an evidentiary hearing in every case where an inmate moves to correct an illegal sentence—even when the motion properly alleges gross disproportionality under the cruel and unusual punishment clauses of the federal and state constitutions.

---

[2] Such as-applied claims are referred to as gross-proportionality challenges, as opposed to facial or categorical challenges.  *See State v. Oliver*, 812 N.W.2d 636, 639–40 (Iowa 2012).

Clayton filed a pro se motion to correct an illegal sentence under Iowa Rule of Criminal Procedure 2.24(5). This rule allows for a cruel-and-unusual-punishment claim to be raised at any time. *Id.* at 872. Because an illegal sentence claim may be brought at any time under rule 2.24(5), the ordinary rules of error preservation do not apply. *Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010).

Clayton's motion cited *Bruegger* and *Solem v. Helm*, 463 U.S. 277, 290–92 (1983). He argued the specific circumstances of his case fail to meet *Solem's* gross proportionality standards. Clayton alleged mental illness and substance abuse issues contributed to his behavior. He contended he did not have a violent criminal history. He also pointed out he was not the shooter and did not intend that anyone be killed on "the night in question."

In ruling on the motion to correct illegal sentence, the district court correctly found Clayton could not benefit from our supreme court's recent case law addressing categorical challenges of juvenile offenders who face mandatory minimum sentences. *See State v. Lyle*, 854 N.W.2d 378, 403 (Iowa 2014). But the district court did not go on to address Clayton's proportionality challenge, stating only: "There is nothing in the record that would indicate that the term of incarceration, which was provided by statute, was in any way illegal. As a result, there's nothing that the Court can correct at this time concerning the sentence imposed." While the majority properly affirms the district court's bottom-line denial of the motion to correct an illegal sentence, I believe our district courts could benefit from additional guidance on when it may be necessary to grant an evidentiary hearing in response to a motion to correct illegal sentence alleging gross disproportionality.

Clayton was originally charged with first-degree murder for his role in the killing of twenty-two-year-old Dexter Ivey during what was described at the plea hearing as a drug robbery. Clayton entered a guilty plea to second-degree murder and received an indeterminate sentence of fifty years with a mandatory minimum term of thirty-five years. At the sentencing hearing, the mother of Ivey's young daughter gave a victim impact statement. When offered the opportunity, Clayton declined to speak in mitigation of punishment. At the sentencing hearing and in the judgment entry, the district court correctly stated Clayton's sentence could not be suspended under the governing statute, but still gave reasons for imposing the mandatory minimum term. The sentencing court noted Clayton was not a youthful offender, "in that he is 28 years old." The court also referred to Clayton's prior record of convictions and that he "has previously had the benefits of probation and parole." The court acknowledged Clayton had earned a GED, but emphasized he lacked a favorable work history and had a history of abusing alcohol. In his motion to correct illegal sentence, Clayton did not allege specific inadequacies in his sentencing hearing.

The majority holds that to entitle the defendant to an expanded hearing on a claim of disproportionality, the motion to correct an illegal sentence must allege—at a minimum—why the original sentencing hearing was insufficient to set forth the defendant's individual facts or support the legal issue raised. In my view, a defendant's entitlement to an individualized assessment hearing may not be directly related to the record made at the original sentencing hearing. Instead, I would hold that to obtain an individualized assessment hearing, the motion to correct an illegal sentence must allege "unique factors" comparable to those in

*Bruegger* that would present "a substantial risk that the mandatory sentence could be grossly disproportionate as applied." *See Bruegger*, 773 N.W.2d at 884. In his pro se motion, Clayton described several aspects of his life which he believes mitigate against the severity of his punishment. But the motion did not contend the penalty mandated by statute for second-degree murder posed a risk for disproportional application under an uncommon set of circumstances. Because Clayton's motion did not highlight the kind of rare inference of gross disproportionality identified in *Bruegger*, no individualized assessment hearing was required.