# IN THE COURT OF APPEALS OF IOWA

No. 12-2301
Filed August 19, 2015

**THOMAS HOLMES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer, Judge.

Thomas DeShawn Holmes appeals the district court's grant of the State's motion to dismiss a postconviction relief application as time-barred. **AFFIRMED.**

Rockne O. Cole of Cole & Vondra, P.C., Iowa City, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Linda Fangman, County Attorney, and Kimberly Griffith, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

Thomas DeShawn Holmes appeals the district court's grant of the State's motion to dismiss a postconviction-relief application as time-barred.

## I. Background Proceedings

In 2000, a district court found Holmes guilty of first-degree kidnapping and first-degree robbery. This court affirmed the judgment in 2001. *See State v. Holmes*, No. 00-950, 2001 WL 1577584 (Iowa Ct. App. Dec. 12, 2001). Procedendo issued on February 22, 2002. Holmes filed a postconviction-relief action, which was denied by the district court and affirmed on appeal. *See Holmes v. State*, 775 N.W.2d 733, 737 (Iowa Ct. App. 2009)

On July 23, 2012, Holmes filed another postconviction-relief application alleging (1) "the trial information charged crime of first degree kidnapping lacks statutory validity as to charge no offense and is therefore void" and (2) "due to charging instruments failure to charge an offense in violation of Holmes's fifth sixth, and fourteenth amendment protections and guarantees under the United States and Iowa constitutions his judgment and sentence is void." Two days later, he filed a motion to correct an illegal sentence raising the same issue. He asserted his judgment and sentence were "'VOID' as a matter of law," because the trial court cited "a criminal code section that doesn't exist in the Iowa Code."

The district court merged the 2012 motion and postconviction-relief application. In a joint order, the court granted the State's motion to dismiss the postconviction-relief application as time-barred. The court denied Holmes's motion to correct illegal sentence but corrected an "obvious typographical or scrivener's error" in the sentencing order.

Holmes appealed the joint order. The Iowa Supreme Court divided the appeal into its components and separately transferred both appeals to this court. We affirmed the portion of the order relating to correction of an illegal sentence. *See State v. Holmes*, No. 12-2312, 2013 WL 6405363, at *2 (Iowa Ct. App. Dec. 5, 2013). We held the sentence was not illegal and the sentencing court's reference to an incorrect code provision was a "clerical" error, which the district court corrected. We are now presented with Holmes's appeal from the dismissal of the postconviction-relief application.

Postconviction-relief "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." *See* Iowa Code § 822.3 (2013). Holmes's 2012 postconviction application was filed a decade after procedendo in his direct appeal issued. The application was untimely.

We recognize an exception to the time-bar for "a ground of fact or law that could not have been raised within the applicable time period." *See id.* This exception does not apply because the incorrect Code citation Holmes challenges was contained in the sentencing order and could have been raised within the three-year time frame.

We also recognize an exception for issues implicating illegal sentences. *See Veal v State*, 779 N.W.2d 63, 65 (Iowa 2010) (agreeing with State's concession that if the postconviction claim were regarded as a challenge to an illegal sentence, the time restrictions in Iowa Code section 822.3 would not apply). Holmes expressly disavows this exception. In response to the State's assertion that the issue raised in this appeal is identical to the issue resolved in

his appeal from the denial of his motion to correct an illegal sentence, he asserts he is currently challenging his conviction rather than his sentence.[1]  In light of his disavowal, we have no basis for applying this exception.

Because Holmes's 2012 application for postconviction relief is time-barred, we affirm the district court's dismissal of the application.

**AFFIRMED.**

---

[1] The State argues issue preclusion bars Holmes's current appeal, because the identical issue was raised and decided in the prior opinion.  We need not address this doctrine, given our resolution of the appeal under Iowa Code section 822.3.