# IN THE COURT OF APPEALS OF IOWA

No. 15-0524
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RYAN L. STEWART,**
        Defendant-Appellant.

_____

**RYAN L. STEWART,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Wapello County, Kirk A. Daily, District Associate Judge.

        Ryan L. Stewart appeals the district associate court's classification of his motion as a postconviction-relief application and resulting transfer of his case to the district court. **AFFIRMED AND REMANDED WITH DIRECTIONS.**

        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., Tabor, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

In 2009, Ryan L. Stewart pled guilty to indecent contact with a child and was sentenced to a two-year suspended sentence and a ten-year special sentence pursuant to Iowa Code section 903B.2 (2009). In 2015, Stewart filed a motion he labeled a motion for correction of an illegal sentence. The district associate court interpreted the motion as an application for postconviction relief and transferred the matter to the district court. Stewart appealed.

We review the district court's order for errors at law. *See Veal v. State*, 779 N.W.2d 63, 64 (Iowa 2010).[1]

In his application, Stewart asserted various challenges including: (1) an appeal from the imposition of the ten-year special sentence; (2) that he was charged with "special supervision sentence 'd' felony and special sentence revocation 1st"; (3) the special sentence constitutes cruel and unusual punishment, violates the Ex Post Facto Clause, is excessive punishment, constitutes double jeopardy, and is an impermissible second sentence for one crime; (4) his trial counsel failed to raise constitutional claims at trial and thus he was denied effective assistance of counsel; and (5) various other constitutional challenges.

Iowa Rule of Criminal Procedure 2.24(5) enables a court to "correct an illegal sentence at any time." In his motion, however, Stewart challenged more than the legality of his special sentence by including claims challenging the effective assistance of trial counsel and the revocation of his special sentence

---

[1] By order dated September 3, 2015, the Supreme Court granted discretionary review of this appeal pursuant to Iowa Rule of Appellate Procedure 6.108.

pursuant to Iowa Code section 908.5(2). *See* Iowa Code § 908.5(2) ("If the person is serving a special sentence under chapter 903B, the administrative parole judge may revoke the release.")

Because the district court has concurrent jurisdiction, and Stewart asserted matters that fall outside the boundaries of a motion to correct an illegal sentence, we conclude the district associate court did not err in transferring this matter to the district court. *See* Iowa Code § 822.2(1) (providing postconviction relief procedures for, amongst other things, claims by defendant that his "parole . . . has been unlawfully revoked, or the person is otherwise unlawfully held in custody or other restraint" and "the conviction or sentence was in violation of the Constitution of the United States or the Constitution or laws of this state"). However, though the transfer was permissible, the district court is not required to treat the entirety of Stewart's claims as a postconviction relief (PCR) action. Instead, the district court shall, in accordance with this opinion, make its own determination of whether the issues raised are within the boundaries of a motion to correct an illegal sentence or a PCR action and treat them accordingly.

We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(e).

**AFFIRMED AND REMANDED WITH DIRECTIONS.**