# IN THE COURT OF APPEALS OF IOWA

No. 16-0454
Filed November 23, 2016

**ANTHONY MARCELLUS COLE,**
    Plaintiff-Appellant,

**vs.**

**STATE OF IOWA,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

Plaintiff appeals the district court decision dismissing his application for postconviction relief. **AFFIRMED.**

Harry L. Haywood III of Haywood Law Office, Eldora, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Bower, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BOWER, Judge.**

Anthony Cole appeals the district court decision dismissing his application for postconviction relief. We find Cole's claim his sentence is illegal is pending on appeal in a separate action, No. 15-1738, *State v. Cole*, and the district court properly did not address it in this postconviction action. We affirm the decision of the district court.

Cole was convicted of attempted murder, assault, willful injury causing serious injury, two counts of reckless use of a firearm causing serious injury, and felon in possession of a firearm. His convictions were affirmed on appeal. *State v. Cole*, No. 07-0832, 2008 WL 4876993, at *5 (Iowa Ct. App. Nov. 13, 2008). Procedendo was issued on December 15, 2008.

On October 3, 2014, Cole filed an application for postconviction relief, claiming (1) he received an illegal sentence under the principles of merger, and (2) he received ineffective assistance because defense counsel did not file a motion to sever and ask for separate trials based on each victim. The State filed a motion to dismiss on the ground the application was untimely under Iowa Code section 822.3 (2013).

At a hearing on the motion to dismiss, the court and the parties discussed whether the claim of an illegal sentence should more properly be brought as a motion to correct an illegal sentence in the criminal action. Cole subsequently filed a motion to correct an illegal sentence in his criminal case, the district court ruled on the motion, and the matter is presently on appeal in No. 15-1738, *State v. Cole*.

In the postconviction proceedings, the district court entered an order dismissing the application. The court noted the claim for correction of an illegal sentence was currently on appeal and stated, "For that reason, the applicant's first claim concerning the illegality of his sentence will not be addressed again in these postconviction relief proceedings." The court found the second claim, involving the motion to sever, was barred because it was untimely under section 822.3.

Cole appeals the district court decision dismissing his application for postconviction relief, claiming the district court should not have dismissed his assertion he received an illegal sentence. "[A]n illegal sentence is a challenge to the underlying power of a court to impose a sentence and is not a postconviction relief action subject to the limitations of Iowa Code section 822.3." *Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010). "The court may correct an illegal sentence at any time." Iowa R. Crim. P. 2.24(5)(a). Therefore, a challenge to an illegal sentence may be raised in the original criminal action "at any time." *See Veal*, 779 N.W.2d at 65.

Although Cole raised his claim of an illegal sentence in the postconviction action, he also raised the same issue in a motion to correct an illegal sentence in his criminal case. By the time the district court entered a ruling in his postconviction action, the district court's ruling on his motion in the criminal case was on appeal. The district court properly decided not to enter a ruling in the postconviction action on the exact same issue, involving the same parties, when it was pending on appeal in the criminal case. Once the appellate court enters a

decision in Cole's appeal in his criminal case, it will be binding in any postconviction proceedings.  *See Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("Our decision on direct appeal is thus final as to all issues decided therein, and is binding upon both the postconviction court and this court in subsequent appeals.").

We affirm the decision of the district court.

**AFFIRMED.**