# IN THE COURT OF APPEALS OF IOWA

No. 17-1952
Filed August 21, 2019

**RONDELL MANDRAY CROPP,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris and Andrea J. Dryer (second dismissal), Judges.

The applicant appeals from the dismissal of his application for postconviction relief following his 2007 convictions for robbery in the first degree and willful injury causing serious injury. **AFFIRMED.**

C. Aron Vaughn of Kaplan & Frese, LLP, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Potterfield, P.J., and Doyle and May, JJ.

**POTTERFIELD, Presiding Judge.**

Rondell Cropp appeals the dismissal of his application for postconviction relief (PCR) following his 2007 convictions for robbery in the first degree and willful injury causing serious injury. He maintains the PCR court improperly dismissed his application without giving him notice of its intention to do so or allowing him an opportunity to respond.

**I. Background Facts and Proceedings.**

In March 2006, Cropp was arrested and charged with robbery in the first degree and willful injury causing serious injury. The incident in which Cropp was alleged to have participated took place in January 2006—about one month before Cropp's nineteenth birthday.

Cropp entered into a plea agreement with the State, which provided that he would be allowed to plead guilty to robbery in the second degree and willful injury causing serious injury and serve concurrent jail terms in exchange for his full cooperation and testimony against all codefendants. The agreement, which the district court accepted, included a clause that the agreement would become null and void if Cropp "fail[ed] to satisfactorily complete the" terms of the agreement.

During a later deposition of Cropp in connection with pending charges against a codefendant, the prosecutor announced Cropp had breached the plea agreement and the State was withdrawing from it.

The State filed a motion for a status hearing on the plea agreement, and, after the hearing, the district court granted the State's motion to vacate the agreement. In its written ruling, the court found:

[Cropp] gave statements to law enforcement on January 23, 2006, February 28, 2006, and March 2, 2006. Additionally, [Cropp] gave a deposition on December 22, 2006. The statements made by [Cropp] in the deposition constitute the basis for the State's application to revoke the plea agreement.

In [Cropp's] deposition he substantially contradicts statements he earlier made in the three interviews with law enforcement. Specifically[,] in the deposition [he] stated he and his co-defendants had planned to acquire one-quarter pound of marijuana from the victim for $2500. In his statements to law enforcement investigators he had indicated that he and friends intended to acquire one-quarter pound of marijuana for $1100. In his deposition [Cropp] also answered questions in such a fashion as to, reasonably interpreted, provide protection for Tyler, Seals and David Wright. Defense counsel characterizes the differences between the deposition testimony and the law enforcement investigative report statements as being because of alleged t[h]reats made by Seals against [Cropp] at the time of the taking of the deposition.

The court finds the statements contained in the deposition are materially at odds with relevant statements in the law enforcement investigative statements. [Cropp's] substantial contradictions place the State at a disadvantage in that [Cropp] has now given statements, which if the State were to use him at trial, could be used to materially impeach him.

The State reinstated the original charges against Cropp. He waived his right to a jury trial and had a bench trial on the minutes of evidence.

Cropp was found guilty as charged. He was sentenced to a term of imprisonment not to exceed twenty-five years on the charge of robbery in the first degree and up to ten years on the willful-injury charge. The robbery sentence included a 70% mandatory minimum, and the court ordered Cropp to serve the two sentences consecutively.

Cropp appealed, claiming his trial counsel was ineffective in failing to reassert Cropp's challenge to the State's withdrawal from the plea agreement before the trial court and in failing to challenge the State's remedy for Cropp's failure to perform his obligation under the plea agreement. Our supreme court

transferred the case to us, and a panel of our court affirmed. *State v. Cropp*, No. 07-2112, 2009 WL 139528, at *3 (Iowa Ct. App. Jan. 22, 2009). Procedendo issued in April 2009.

Cropp filed his PCR application in November 2016. The State responded by filing a motion to dismiss, asserting Cropp's application was barred by the three-year statute of limitations in Iowa Code section 822.3 (2016). Cropp resisted the motion, and the court set a hearing on it.

Following the May 2017 hearing, the court dismissed Cropp's claim that his codefendant's receipt of a new trial constituted newly discovered evidence Cropp complied with the plea agreement's requirement of truthful testimony and his claim that trial and appellate counsel provided ineffective assistance. The court concluded the outcome of the codefendant's case was "immaterial to the determination that [Cropp] violated the plea agreement" and did "not constitute newly discovered evidence which would relieve [Cropp] of the requirement to file his" PCR action within the three-year statute of limitations. Similarly, the court recognized that alleging ineffective assistance of counsel did not remove the claims outside the realm of the section 822.3 time-bar. The court did not dismiss as untimely both of Cropp's claims that his sentences were illegal—categorically and as applied to him—as "the court may correct an illegal sentence at any time."

Cropp appealed the decision to our supreme court, which treated the appeal as interlocutory and denied the request that the court hear the appeal.

After procedendo issued, Cropp applied to the district court to hire an expert at state expense to support his sentencing claims. He indicated the expert would prepare an opinion and testify regarding Cropp's "mental state and

mental health, especially as it relate[d] to his likelihood to reoffend," and "concerning the minds of offenders around the age of Mr. Cropp and that the underlying logical of *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014) extends to them as well." The State resisted.

Before the court ruled on Cropp's application for an expert, the State filed a motion to dismiss Cropp's remaining two claims. The State asserted that Cropp's illegal-sentences claims—while not time-barred—should be dismissed as a matter of law because "no authority exists for the ground of relief as the sentence is not illegal and there is no case law or statutory authority to support the claim." Cropp resisted, and the PCR court set a hearing on the motion.

At the beginning of the October 2017 hearing, Cropp indicated he would "withdraw that motion for experts so that we can proceed to the motion to dismiss." The State and Cropp then each advocated for their position. The court followed with a written ruling, in which it dismissed Cropp's remaining two claims on PCR.

Cropp appeals.

**II. Discussion.**

In his 2016 application, Cropp asserted (1) a claim of newly discovered evidence based on his codefendant receiving a new trial as a result of a 2014 PCR ruling; (2) ineffective assistance of trial and appellate counsel; (3) that the sentences imposed against him are categorically illegal because they violate his right to be free from cruel and unusual punishment; and (4) the sentences imposed against him are illegal as applied to him. He maintains the court erred in dismissing all four claims without an evidentiary hearing.

**A. Statute of Limitations.**

The PCR court dismissed Cropp's claims that his codefendant's receipt of a new trial constituted newly discovered evidence and that he received ineffective assistance from his trial and appellate attorney based on the claims being time-barred. Cropp maintains the PCR court erred in dismissing his application for PCR without allowing him to first have a trial on the merits. "Generally, we review a grant of a motion to dismiss a PCR petition for correction of errors at law." *Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018).

"Iowa Code section 822.3 generally provides a three-year statute of limitations on PCR claims." *Id.* It provides, in pertinent part:

> A proceeding is commenced by filing an application verified by the applicant with the clerk of the district court in which the conviction or sentence took place. . . . All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued.

An exception to the statute of limitations exists for "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3; *see also Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018). "The onus in on the applicant to" establish "the 'obvious requirement' that he or she could not have raised the ground of fact within the limitations period." *Moon*, 911 N.W.2d at 143. Additionally, the applicant "must also show a nexus between the asserted ground of fact and the challenged conviction." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003).

Here, the State filed a motion to dismiss Cropp's PCR claims based on the statute of limitations. Cropp filed a written resistance, which included argument

and authority. The motion to dismiss then came on for hearing. At no point did Cropp assert that his claims of ineffective assistance of trial and appellate counsel, which involved representation he received in 2009 and before, were based on a new ground of fact that could not have been raised before the statute of limitations ran in 2012. Because Cropp did not meet the "obvious requirement" of showing his claims of ineffective assistance relied upon a fact that could not be raised within the applicable time period, the PCR court properly dismissed his fourth claim.

The same is not true of Cropp's claim regarding his codefendant's receipt of a new trial in 2014, as the ground of fact Cropp relies upon did not exist in 2012 when the limitations period expired. Since the ground of fact could not be raised within the required time, the next question is whether the ground of fact Cropp relies on "is *relevant* to the challenged conviction."[1] *Moon*, 911 N.W.2d at 143. In this context, "relevance" means "the ground of fact must be the type that

---

[1] The PCR court seemed to apply the newly-discovered-evidence test rather than the new-ground-of-fact test. "We again emphasize the ground-of-fact exception [to the statute of limitations] pursuant to section 822.3 is not the same as a substantive claim for postconviction relief based on newly discovered evidence pursuant to section 822.2(1)(d)." *Moon*, 911 N.W.2d at 143. In determining whether an applicant's claims are time-barred, the court has to determine whether the ground of fact could have been raised during the three-year window and whether the ground of fact is relevant to the defendant's conviction. *Id.* at 144. If a genuine issue of material fact concerning the statute-of-limitations exists, then the court cannot summarily dismiss the applicant's claims based on the claims being time-barred. *Id.* at 144–45.

Only if the court proceeds to consider the merits of the applicant's newly-discovered-evidence claim must the applicant establish:

(1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*Id.* at 151 (citation omitted).

has the *potential* to qualify as material evidence for purposes of a substantive claim under section 822.2." *Id.*

Here, the fact that Cropp's codefendant received a new trial in 2014 is not relevant to either Cropp's ultimate conviction or the State's reason for withdrawing from and vacating the plea agreement. Cropp claims his codefendant's receipt of a new trial shows that the codefendant was not the shooter during the robbery and that Cropp, who failed to name the codefendant as the shooter, was telling the truth in his statements and deposition so the State should not have been allowed to withdraw from the plea agreement. First, the codefendant received a new trial after his PCR application was granted based on the determination the jury was not properly instructed on how to deal with aiding and abetting involving specific intent crimes; that is not the same thing as finding insufficient evidence to support a jury's determination the codefendant was the shooter. And second, neither the district court, which approved the State's withdrawal from the plea agreement, nor our court, which considered the State's withdrawal through the lens of ineffective assistance on direct appeal, concluded that the State's withdrawal was based on Cropp's refusal to identify the codefendant as the shooter. Rather, the State's withdrawal was based on Cropp's changing statements, which, as time went on, seemed to become more crafted to give his codefendants cover. The "fact" his codefendant received a new trial based on an improper jury instruction is not relevant to Cropp's conviction.

Because Cropp could not meet his burden of establishing these two claims survive the statute of limitations based on the new-ground-of-fact

exception, the PCR court did not err in dismissing them without a trial on the merits.

**B. Illegal Sentence.**

As the PCR court recognized, "the time restrictions that apply in ordinary" PCR actions "do not apply in illegal sentences challenges." *Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010). Still, the PCR court dismissed Cropp's claims that the sentence imposed for his first-degree robbery conviction—a term not to exceed twenty-five years with a 70% mandatory minimum—violated the prohibition on cruel and unusual punishment both categorically and as applied to him.

Cropp maintained that the imposition of a mandatory minimum for those who have reached the age of eighteen by the time they committed their crimes is categorically unconstitutional. In other words, he argued the supreme court's rationale in *Lyle* should be extended to apply to those who have only recently reached majority before committing an offense. At the hearing on the State's second motion to dismiss, Cropp conceded that "the weight of the authority is against" him. He is correct. "The supreme court has made clear that its juvenile sentencing decisions have 'no application to sentencing laws affecting adult offenders.'" *Smith v. State*, No. 16-1711, 2017 WL 3283311, at *2 (Iowa Ct. App. Aug. 2, 2017) (quoting *Lyle*, 854 N.W.2d at 403). Additionally, our court has repeatedly rejected the argument Cropp raised to the PCR court regarding the imposition of mandatory minimums for those who reached majority shortly before committing offenses. *See id.* (collecting cases). We cannot say the PCR court

erred in refusing to allow Cropp a hearing on the merits to address this already well-trodden issue.

Additionally, Cropp argued that the imposition of a twenty-five-year sentence with a 70% mandatory minimum was cruel and unusual "as applied to his unique circumstances." He maintained the court should conduct an individualized assessment of the punishment.

Defendants are entitled to bring as-applied, or "gross disproportionality," challenges to their sentences. *State v. Oliver*, 812 N.W.2d 636, 651 (Iowa 2012). Generally, the threshold question is whether the defendant's sentence leads to an inference of gross disproportionality to the underlying crime. *See id.* at 650. The court "examines the unique combination of the features in [the defendant's] case as part of our threshold determination regarding the inference of gross disproportionality." *Id.* at 651.

In several instances, our court has found that the defendant was not entitled to an evidentiary hearing because the defendant, when making their claim the sentence imposed on them was grossly disproportionate, failed to assert any unique factors that create an inference of gross disproportionality between the underlying crime and the sentence received. *See, e.g. State v. Titus*, No. 15-0486, 2016 WL 2745938, at *2 (Iowa Ct. App. May 11, 2016) (collecting cases). Similarly, here, Cropp merely asserted that the sentence imposed is grossly disproportionate; he did not cite any unique factors that made the application of the sentence decided upon by the legislature cruel and unusual as applied to him. *See Ewing v. California*, 538 U.S. 11, 28 (2003) ("[T]he legislature . . . has primary responsibility for making the difficult policy choices

that underlie any criminal sentencing scheme. We do not sit as a 'superlegislature' to second-guess these policy choices.")*; see also State v. Clayton*, No. 13-1650, 2014 WL 7343315, at *1 n.1 (Iowa Ct. App. Dec. 24, 2014) ("In the interest of judicial efficiency, we cannot find that a mere claim of disproportionality is sufficient to require an expanded hearing on the matter. At a minimum, the motion should allege why the sentencing hearing was insufficient or inadequate to set forth defendant's individual facts or the legal issue raised."). Under these circumstances, we cannot say the PCR court erred in denying Cropp an evidentiary hearing on this claim.

**III. Conclusion.**

Because Cropp could not meet his burden of establishing his PCR claims survive the statute of limitations based on the new-ground-of-fact exception and because his illegal-sentence claims did not merit an evidentiary hearing, the PCR court did not err in dismissing Cropp's claims without an evidentiary hearing. We affirm the dismissal of Cropp's PCR application.

**AFFIRMED.**