# IN THE COURT OF APPEALS OF IOWA

No. 19-0774
Filed April 29, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KEITH IRVIN BREWINGTON,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Van Buren County, Joel D. Yates (guilty plea) and Shawn R. Showers (sentencing), Judges.

Keith Brewington appeals his conviction for possession of a controlled substance, third or subsequent offense. **AFFIRMED.**

Jeffrey L. Powell of Powell & McCullough, PLC, Coralville, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

In February 2019, Keith Brewington pled guilty to one count of possession of a controlled substance (methamphetamine), third or subsequent offense, a class "D" felony, in violation of Iowa Code section 124.401(5) (2019). The two prior offenses elevating the charge to a class "D" felony were: (1) a 2005 conviction for possession of a controlled substance in Wapello County and (2) a 2017 conviction for possession of drug paraphernalia in Henry County. During the plea colloquy, defense counsel asked Brewington about the Henry County conviction:

> Q. Were [you] also convicted of possession of drug paraphernalia in Henry County case number SMSM010606 in 2017?
> A. Yes, I was, sir.
> Q. Were you represented by counsel in that charge?
> A. I don't think I had an attorney. I just went to court and pled guilty for that, sir.

The court later clarified:

> Q. And I just want to make sure. You're not disputing that this is a third or subsequent offense; is that correct?
> A. No. The only thing that I have to say on my behalf is that two of them were a paraphernalia charge, and one of which was dropped on—on a person that was with me that day, but, yes, I agree, sir.

After that plea colloquy, the district court accepted his guilty plea. Brewington did not file a motion in arrest of judgment, and the case went to sentencing. The district court sentenced Brewington to a term of incarceration not to exceed five years. The court suspended the sentence and placed him on probation. Brewington appeals.[1]

---

[1] Amended Iowa Code section 814.6(1)(a)(3) (2019) would not provide Brewington a right of appeal from his guilty plea. However this "provision[] appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." *State v.*

On appeal, Brewington argues the State cannot use the Henry County conviction to enhance the charge to a felony because he did not have—nor did he waive—the assistance of counsel.[2] The Iowa Supreme Court has concluded "that under the Iowa Constitution, a defendant facing the possibility of imprisonment in a misdemeanor proceeding has a constitutional right to counsel," and, for that reason, a criminal defendant's "uncounseled . . . misdemeanor conviction cannot be used to enhance [the defendant's later] crime." *See State v. Young*, 863 N.W.2d 249, 252 (Iowa 2015). In the Henry County case, Brewington faced a maximum sentence of "imprisonment not to exceed thirty days" on the drug paraphernalia charge. *See* Iowa Code §§ 903.1 (maximum sentence for misdemeanors), 124.414 (possession of drug paraphernalia).

But while Brewington frames his challenge as a motion to correct an illegal sentence,[3] he challenges his conviction. The purpose of a motion to correct an illegal sentence is "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence." *State v. Bruegger*, 773 N.W.2d 862, 871–72 (Iowa 2009) (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)). And Brewington did not raise this claim in a motion in arrest of judgment. So he failed to preserve it for our review. *See* Iowa R. Crim. P. 2.24(3) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion

---

*Macke*, 933 N.W.2d 226, 235 (Iowa 2019). For that reason, the amendment does not apply here to prevent Brewington's direct appeal.

[2] Brewington concedes he had counsel for the Wapello County case.

[3] Iowa Rule of Criminal Procedure 2.24(5)(a) provides, "The court may correct an illegal sentence at any time." For that reason, "the ordinary rules of error preservation do not apply." *Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010).

in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal.").

Because he failed to preserve error, Brewington also raises an ineffective-assistance-of-counsel claim. The State concedes the record is inadequate to resolve the ineffective-assistance-of-counsel issue. We review claims of ineffective assistance de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).[4]

We agree with the State and find the record inadequate to address Brewington's claim on direct appeal. *See id.* ("[A] defendant may raise [an ineffectiveness] claim on direct appeal if he or she has 'reasonable grounds to believe that the record is adequate to address the claim on direct appeal.'" (citation omitted)). Brewington did not include any information from the Henry County case in the appendix. The only evidence Brewington may not have had counsel during that case was his statement: "I don't think I had an attorney." We preserve Brewington's claim for a possible postconviction-relief action.

**AFFIRMED.**

---

[4] The amended Iowa Code section 814.7 (2019) prohibits a criminal defendant from raising an ineffectiveness claim on direct appeal. That said, this prohibition "do[es] not apply to a direct appeal from a judgment and sentence entered before July 1, 2019." *Macke*, 933 N.W.2d at 228.