# IN THE COURT OF APPEALS OF IOWA

No. 22-0198
Filed December 21, 2022

**ANTONIO JOSE COOKS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Muscatine County, Patrick A. McElyea, Judge.

The applicant appeals the summary denial of his application for postconviction relief. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

Britt Gagne of Gagne Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

Antonio Cooks expected legal representation after he applied for postconviction relief (PCR) and requested court-appointed counsel. Instead, he argues his counsel failed him by not amending his PCR application and by not resisting the State's motion for summary judgment. Cooks argues the motion was premature. As it turned out, the district court granted the summary judgment motion, and Cooks appeals that ruling. We affirm the ruling as to the PCR claims but remand for consideration of the illegal sentence allegation.

Because this appeal generates from a summary dismissal of a PCR claim, we review for errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). Here, Cooks also raises issues of ineffective assistance of PCR counsel, which requires a de novo review. *See Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011) (recognizing an applicant's right to effective assistance of counsel on PCR is statutory, not constitutional, but still employing de novo review). Summary disposition is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law," essentially applying directed verdict principles. *Davis v. State*, 520 N.W.2d 319, 321 (Iowa Ct. App. 1994) (quoting Iowa R. Civ. P. 237(c), now renumbered Iowa R. Civ. P. 1.981(3)).

The origin of the PCR claim involves Cooks's conviction of robbery in the second degree by a jury. In the underlying criminal trial, Cooks waived his right to counsel and represented himself with the help of stand-by counsel. Cooks appealed his conviction, and a panel of this court affirmed. *See State v. Cooks,*

No. 19-1605, 2020 WL 7383886, at *1 (Iowa Ct. App. Dec. 16, 2020) (affirming the conviction after considering sufficiency-of-the-evidence and weight-of-the-evidence claims, jury instruction error, fair cross-section jury panel concerns, and a *Batson* challenge). After the State moved for a summary ruling on the PCR application, the matter proceeded to a hearing on the State's motion. But as Cooks points out, his PCR counsel never amended his pro se filing and did not resist the State's motion. Yet, Cooks's PCR application was seventy-one pages long and included several exhibits. Relying on the claims raised in the pro se application, characterized by his counsel as "very well written," Cooks argued the State's motion was premature because no discovery had been done. He also argued

> So we believe that [application] also raises issues of a conviction being a violation of the constitution of either the United States or Iowa as well as leaving the [c]ourt without jurisdiction to impose a sentence. Which is also an indication that there was an unlawful imposition of an illegal sentence through the use of the dangerous weapon enhancement. So we believe that falls under subsection (c); the sentence exceeds the maximum authorized by law.

*See* Iowa Code § 822.2(1)(c) (2021) (including "[t]he sentence exceeds the maximum authorized by law" as a situation where a PCR could proceed).

From that hearing record, the district court sorted out the various allegations—separating those Cooks could not justify failing to raise on direct appeal with issues properly before the court. *See Ledezma*, 626 N.W.2d at 141 ("Generally, a claim not raised on direct appeal cannot be raised in a [PCR] proceeding unless the applicant can demonstrate a sufficient cause or reason for not properly raising the issue previously." (citing Iowa Code § 822.8)). The district court listed the claims not properly raised as: theories involving a denial of Cooks's motion to suppress, a claim of lack of probable cause for Cooks's arrest, imposition

of an illegal sentence, and lack of access to research materials. But the district court noted one issue remained. Labeled as an actual innocence claim, the district court observed that the issues raised under that umbrella were actually a sufficiency-of-the-evidence theory and that had already been decided in the direct appeal. Thus, with no viable PCR claim to be decided, the district court dismissed the PCR proceeding.

Yet on our review of the direct appeal and this PCR appeal, we do not see that anyone previously addressed the claim involving the imposition of an illegal sentence. In the direct appeal Cooks only appealed the conviction. *See Cooks,* 2020 WL 7383886, at *2; *see also* Iowa R. Crim. P. 2.24(5)(a) ("The court may correct an illegal sentence at any time."). "A challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional." *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009). But here, we have a limited record and cannot determine what challenge Cooks was prepared to make related to the imposition of his sentence. Thus, we find that the case should be remanded to flesh out if there is a viable claim related to the illegal sentence allegations as that claim does not constitute a PCR action. *See Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010) (remanding to determine a claim of an illegal sentence, which is a challenge to the "underlying power of the court to impose a sentence" and not a PCR action subject to the limitations in Iowa Code section 822.3).

But, as for the other claims raised at the PCR hearing and through Cooks's application, we find those were properly dismissed. Outside of the illegal sentence claim, Cooks failed to articulate a viable PCR claim and, at the hearing, none was identified that could withstand the summary disposition. *See Ledezma*, 626 N.W.2d at 141. Cooks offered no genuine issue of material fact to avoid the bar of section 822.8. *See* Iowa Code § 822.8 ("Any ground . . .not raised . . .in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application.").

Finally, we turn to Cooks's ineffective-assistance-of-PCR-counsel argument. To prove counsel is ineffective, Cooks must show, by a preponderance of the evidence, that "(1) trial counsel failed to perform an essential duty, and (2) prejudice resulted from counsel's failure." *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009). "We may affirm the district court's rejection of an ineffective-assistance-of-counsel claim if either element is lacking." *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008). Here we find that Cooks did not establish any prejudice by any action of his PCR counsel. Aside from saying the outcome would have been different had his PCR counsel amended the application and resisted the summary motion, Cooks gives us no example of how that would be so. *See Dudley*, 766 N.W.2d at 620 ("The second prong—prejudice—exists 'when it is "reasonably probable that the result of the proceeding would have been different."'" (citation omitted)). The issues were clearly stated in the pro se application and because they were old theories already decided, but for the claim of illegal

sentence, Cooks cannot show how he would have received a different result. Without this showing, his claim must fail.

In sum, we find no PCR claim that survives the summary disposition standards, as the theories urged by Cooks were either already decided by a panel of our court or Cooks failed to justify why they were not raised on direct appeal. Because Cooks raised an illegal sentence argument that has not been addressed, we reverse the district court's dismissal of that issue and remand for proceedings on that remaining issue.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**