# IN THE COURT OF APPEALS OF IOWA

No. 17-0382
Filed August 1, 2018

**MICHAEL KELLY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

The applicant appeals from the dismissal of his third application for postconviction relief. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Stephen P. Dowil of McEnroe, Gotsdiner, Brewer, Steinbach & Rothman, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Potterfield, P.J., McDonald, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**POTTERFIELD, Presiding Judge.**

Michael Kelly appeals the dismissal of his third application for postconviction relief (PCR).

**I. Background Facts and Proceedings.**

In 2005, Kelly was charged with sexual abuse in the third degree. At the jury trial in his opening statement, Kelly's trial counsel set forth the defense's trial strategy, stating: "We're not saying there wasn't sex. We're not here today to deny that [Kelly] had sex with [N.B.]. The question is whether it was consensual sex . . . ." N.B. testified that she was incapable of consenting to the sex act due to her extreme intoxication. Kelly did not testify.

The jury found Kelly guilty. As we summarized in a later opinion:

> From the evidence presented at trial, a jury could have found the following facts: On the evening of December 4, 2004, N.B. attended a party at her coworker's apartment. Michael Kelly, an acquaintance of N.B.'s, also attended. N.B. drank heavily at the party to the point of extreme intoxication. When N.B. began to stumble about and pass out, N.B.'s friends put her in a bedroom to sleep, alone.
> N.B. awoke the next morning confused, hung-over, in pain, and lying next to Kelly. N.B. became aware she had had sex the night before. N.B. also determined she was missing about eighty dollars from her pants pocket. She asked Kelly what had happened the night before, and he responded: "Don't you remember?" N.B. then said to Kelly, "I'm not a virgin anymore, am I?" Kelly answered: "Shit happens." Kelly told her he would help her get her money back. N.B. then drove home.
> Kelly called N.B. later to tell her he had gotten her money. The two met at a convenience store, and Kelly gave N.B. the money. Kelly and N.B. exchanged a kiss, which N.B. described as a "peck." Later in the evening, after talking to family, friends, and a victims' hotline, N.B. went to the hospital and reported she had been raped.

*Kelly v. State*, No. 09-1261, 2010 WL 3325622, at *1 (Iowa Ct. App. Aug. 25, 2010).

Kelly filed a direct appeal claiming there was insufficient evidence to support his conviction. A panel of our court affirmed his conviction. *See State v. Kelly*, No. 05-2078, 2006 WL 3314455, at *1 (Iowa Ct. App. Nov. 16, 2006). Kelly's application for further review was denied, and procedendo issued on January 22, 2007.

Kelly filed his first application for PCR in October 2007. In a later, amended petition, Kelly maintained he had been denied effective assistance of trial counsel in fifteen ways, including when counsel failed to file a motion in limine to exclude "the missing money evidence"; failed to raise an intoxication defense; failed to object to inadmissible hearsay testimony regarding statements by a crisis-center worker; failed to have stricken from the record a witness's statement that N.B. could not consent to sexual intercourse; failed to object to the prosecutor's persistence in asking whether N.B. could consent after the court ruled the question inadmissible; admitted N.B. was "stumbling drunk"; failed to object to the nurse's testimony about N.B.'s discomfort during the medical examination; failed to contest whether Kelly and N.B. had sexual intercourse; failed to object to the prosecutor's closing argument that Kelly's right to a fair trial ended prior to deliberation of the verdict; failed to object to the prosecutor's statement during closing argument that the defense failed to bring evidence; failed to introduce exculpatory videotape evidence of N.B. and Kelly after the sexual encounter; and failed to call three witnesses who had exculpatory information. Additionally, Kelly maintained direct appeal counsel had been ineffective for failing to raise the issues sooner.

Following a hearing in April 2009, the district court entered a written ruling denying Kelly's application and each of his sixteen claims of ineffective assistance.

Kelly appealed, challenging the district court's ruling on five of the claims involving trial counsel and his claim regarding appellate counsel. A panel of our court affirmed the decision of the district court. *Kelly*, 2010 WL 3325622, at *4. Kelly did not file an application for further review.

Kelly filed his second application for PCR on December 11, 2011—more than three years after procedendo issued on his direct appeal. In his second application, Kelly maintained his first PCR counsel had provided ineffective assistance by failing to file an application for further review of the court of appeal's ruling. The State responded by filing a motion to dismiss, arguing Kelly's second application was barred by the statute of limitations and by res judicata.

Following a hearing on the matter, the PCR court found that Kelly's application was time-barred, as no exception to the statute of limitations applied. Kelly's second application for PCR was dismissed, and he appealed.

In *Kelly v. State*, No. 12-0838, 2014 WL 4224731, at *1 (Iowa Ct. App. Aug. 27, 2014), our court affirmed the dismissal of Kelly's second application, relying on the "long-standing precedent" of *Dible v. State*, 557 N.W.2d 881, 883–84 (Iowa 1996). Kelly filed an application for further review, which our supreme court denied.

Kelly filed his present, third application for PCR in November 2015. In his application, Kelly again claimed his first appellate PCR counsel was ineffective in failing to file an application for further review with the Iowa Supreme Court. He claimed he was prejudiced because counsel's failure prevented him from obtaining habeas relief. He also claimed his first appellate counsel was ineffective for failing to file a brief in support of Kelly's pro se motion for limited remand and stay and for

failing to notify Kelly he was withdrawing from representation. In addition, Kelly claimed his trial attorney was ineffective for not obtaining expert testimony and for failing to object to witness testimony.

The State filed a motion to dismiss Kelly's third application, claiming it was time-barred by the three-year statute of limitations "and res judicata as the claims have been previously adjudicated on direct appeal and in" Kelly's previous applications for PCR.

In November 2016, Kelly filed a supplement to his application, adding the claims that he received an illegal sentence; a lesser-included-offenses jury instruction should have been given; and trial counsel, first PCR counsel, and appellate PCR counsel were ineffective for not challenging the DNA evidence, not having a DNA expert testify at trial, and not presenting evidence of an intoxication defense. Kelly was allowed to amend his application, but his motion asking to be transported for the hearing was denied.

In January 2017, the court heard argument on the motion to dismiss. Kelly appeared by telephone; no evidence was presented.

In its written ruling, the PCR court granted the State's motion to dismiss, finding that the issues raised had been decided in the earlier applications for PCR or waived under Iowa Code section 822.8, the claim of newly discovered evidence was without merit and belied by the record, claims of denial of equal protection and due process at the appellate level were without merit, and the statute of limitations prevented the court from considering the merits of Kelly's application.

Kelly appeals.

**II. Standard of Review.**

"Generally, we review a grant of a motion to dismiss a PCR petition for correction of errors at law." *Allison v. State*, ___ N.W.2d ___, ___, 2018 WL 3198793, at *3 (Iowa 2018). "But when a PCR petitioner claims ineffective assistance of PCR counsel, our review is de novo." *Id.*

## III. Discussion.

### 1. Third PCR Counsel.

Kelly maintains his third PCR counsel was ineffective for failing to "request the hearing on the State's motion to dismiss be continued until discovery depositions could take place to adequately develop the record." "To prevail on a claim of ineffective assistance of counsel, the application must demonstrate both ineffective assistance and prejudice." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). However, Kelly has not demonstrated in his appellate brief that counsel would have been able to establish that newly discovered evidence existed and could have been developed if such an extension was requested. Nor did Kelly argue that the evidence he desired to obtain or the depositions he wanted to take would prevent the dismissal of his PCR application on statute-of-limitations grounds. Thus, Kelly has not established that he was prejudiced by third PCR counsel's alleged errors, and this claim fails. *See id.* ("If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently.").

### 2. Timeliness of Third PCR Application.

"Iowa Code section 822.3 [(2015)] generally provides a three-year statute of limitations for PCR claims." *Allison*, 2018 WL 3198793, at *3. It states, in pertinent part:

> A proceeding is commenced by filing an application verified by the applicant with the clerk of the district court in which the conviction or sentence took place. . . . All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Iowa Code § 822.3. Until recently, our supreme court had ruled that ineffective assistance of first PCR counsel was not a "ground of fact" within the exception to the three-year statute of limitations found in section 822.3, regardless of whether the defendant was aware of the ineffectiveness within the prescribed term. *See Dible*, 557 N.W.2d at 884–85. In other words, a claim that first PCR counsel provided ineffective assistance did not save an otherwise untimely application.

However, in *Allison*, our supreme court "qualified" *Dible*, noting its earlier ruling "gave no consideration to the fundamental interests at stake when an accused alleges ineffective assistance of trial counsel and the PCR proceeding is the first opportunity to raise the issue." *Allison*, 2018 WL 3198793, at *22. The court created a narrow exception:

> where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Id.* Still, Kelly's third application is time-barred, as it does not fall within the narrow confines of *Allison*. This is not Kelly's second application but his third. His second application, while claiming first PCR counsel was ineffective, did not claim that first PCR counsel failed to effectively present his claims that trial counsel was

ineffective but rather claimed first PCR counsel was ineffective for failing to exhaust state remedies. Additionally, we cannot say Kelly's applications have been "promptly" filed, with his second PCR application being filed more than fifteen months after our court affirmed the denial of his first application and his third application being filed more than one year after procedendo issued on his appeal of his second PCR action.[1]

### 3. Pro Se Claims.

Kelly maintains the PCR judge should have recused himself "due to bias." First, we note that Kelly did not ask the judge to recuse himself until after the motion to dismiss had been granted, when Kelly filed a motion to reconsider. In support of his claim, Kelly maintains "a reasonable person would believe" the judge was biased based upon the judge's refusal to allow Kelly to present evidence during the hearing on the motion to dismiss and because "the motion to withdraw counsel was denied as moot." First, we are unclear what motion to withdraw counsel Kelly refers to, as he has failed to cite to the record and we have been unable to locate the complained of ruling. *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring the appellant to include in their argument "references to the pertinent parts of the record"). Second, Kelly bears the burden for establishing the judge abused his discretion when he declined to recuse himself. *See State v. Milsap*, 704 N.W.2d 426, 432 (Iowa 2005). But here, Kelly provides no authority to show that the two

---

[1] Insofar as Kelly invites us to apply equitable tolling in a way other than the "variant" outlined in *Allison*, we are bound by the precedent set by our supreme court. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). In any event, the "tolling" variant not adopted in *Allison* offers no help to Kelly, who allowed more than three years to expire between procedendo on his direct appeal and the filing of his first PCR, the conclusion of his first PCR and filing of his second PCR, and the conclusion of his second PCR and the filing of his third PCR.

instances he relies on were incorrect, let alone improper in such a way that we may infer bias on the part of the judge. *See id.* (noting "the charges made in the complaint—erroneous rulings on legal issues—are not the kind of charges that would lead a reasonable person to question the judge's impartiality notwithstanding the defendant's filing of the complaint"). We cannot say the PCR judge abused his discretion in refusing to recuse himself after Kelly raised the issue in a post-dismissal motion.

Finally, Kelly maintains the PCR court erred in dismissing his third application in its entirety because he included a claim that he had received an illegal sentence, which cannot be disposed of in a motion to dismiss. We agree with Kelly "that claims of an illegal sentence are not barred by the statute of limitations in Iowa Code section 822.3." *Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010). An illegal sentence can be corrected at any time. *See State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009). Thus, we remand this claim to the district court. *See Veal*, 779 N.W.2d at 65 ("Although not labeled as such, the district court on remand should treat [the defendant's] application for postconviction relief as a challenge to an illegal sentence that is not subject to the three-year statute of limitations in Iowa Code section 822.3.").

## IV. Conclusion.

Kelly's claim that he received an illegal sentence is a claim that can be brought at any time; thus, we reverse the PCR court's dismissal of that claim and remand to the PCR court. As for the rest of his third PCR application, Kelly has

not established that any exception to the three-year statute of limitations applies, and we agree with the PCR court that it is time-barred and must be dismissed.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**